UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); JAMES WARD,
MARSHALL HUNT, and RICHARD GARDEN,
for themselves and others similarly-situated,

      Plaintiffs,

v.

TRW INC. aka TRW AUTOMOTIVE,
Successor to KELSEY-HAYES,
MASSEY-FERGUSON CORPORATION,
LUCAS VARITY AUTOMOTIVE HOLDING
COMPANY, LUCAS VARITY PLC, AND
LUCAS VARITY KELSEY-HAYES,

      Defendant.
_____/

Case No. _____
Class Action

U.S. District Judge _____

Related Actions:  93-74615, 93-40530, and
    94-71698

**COMPLAINT AND JURY DEMAND**

    Plaintiff International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW), and individual plaintiffs James Ward, Marshall Hunt, and Richard Garden, for themselves and other similarly-situated retirees, eligible dependents, and surviving spouses, file this complaint against defendant TRW Inc., aka TRW Automotive (successor to Kelsey-Hayes, Massey-Ferguson Corporation, Lucas Varity Automotive Holding Company, Lucas Varity PLC, and Lucas Varity Kelsey Hayes) ("TRW").

    1.    Plaintiffs seek to enforce rights to fully-paid lifetime retirement healthcare benefits under the TRW Plan, including vision and dental and a $5 co-pay for prescription drugs, and the collective bargaining agreements ("CBAs") and employee welfare benefits plans for retirees, their eligible dependents, and surviving spouses.

2. Individual plaintiffs and proposed class members retired under CBA language adjudicated in other class actions in the Eastern District of Michigan against TRW and its predecessors to promise lifetime healthcare benefits to retirees, eligible dependents, and surviving spouses. *Golden v. Lucas Varity Kelsey Ha*yes, case no. 93-cv-40530; *Fox, et. al., v. Massey-Ferguson, Inc.*, case no. 93-cv-74615; and *Colby, et. al., v. Massey-Ferguson*, case no. 94-cv-71698.

3. In a September 14, 2011 letter to the individual plaintiffs, other retirees, and surviving spouses, TRW stated effective January 1, 2012 it will discontinue providing healthcare for Medicare-eligible retirees and surviving spouses through the fully-paid "TRW Retiree Plan" and instead will create individual Health Reimbursement Accounts ("HRAs") funded at TRW's discretion. TRW's letter asserts that it has "the right to amend or terminate the HRA." The letter is attached as Exhibit 1.

4. TRW's transferring of retirees into HRAs will constitute a material reduction in retirement healthcare benefit levels by, among other things, imposing co-pays and deductibles on the retirees and surviving spouses, and a cap on the total benefit paid by TRW.

5. A "2012 New Coverage New Choices" booklet enclosed with TRW's September 14 letter contains complicated instructions and imposes time-consuming and difficult tasks on the retirees and surviving spouses necessary for each to create an HRA.

6. TRW's booklet asserts:

> You are neither vested in your retiree healthcare benefits nor does TRW Automotive intend to vest you in retiree healthcare benefits. To the fullest extent permitted by law, TRW Automotive reserves the right to amend, modify, suspend, replace or terminate any of its plans, policies or programs (including the HRA), in whole or in part, at any time and for any reason, by appropriate company action. For example, TRW Automotive may, at any time, increase, decrease or eliminate the amount that is allocated to your HRA account each year. (Ex. 1 at p. 9).

7. TRW's actions and planned actions, as outlined in the letter and booklet, constitute a material change to retirement healthcare, breach the collectively-bargained retirement benefits promises and the welfare benefits plan, and breach TRW's fiduciary duties.

## Jurisdiction and Venue

8. This Court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

9. Venue is proper under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

## Parties

10. Plaintiff and class representative James Ward resides in Northville, Michigan, retired from TRW in 1998, receives healthcare from TRW, while employed was a member of a UAW-represented bargaining unit, is Medicare-eligible, and would be personally affected by the course of action planned by TRW as summarized in TRW's letter and booklet.

11. Plaintiff and class representative Marshall Hunt resides in Detroit, Michigan, retired from TRW in 2001, receives healthcare from TRW, while employed was a member of a UAW-represented bargaining unit, is Medicare-eligible, and would be personally affected by the course of action planned by TRW as summarized in TRW's letter and booklet.

12. Plaintiff and class representative Richard Garden resides in Dearborn, Michigan, retired from TRW in 2000, receives healthcare from TRW, while employed was a member of a UAW-represented bargaining unit, is Medicare-eligible, and would be personally affected by the course of action planned by TRW as summarized in TRW's letter and booklet.

13. Plaintiff UAW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185. UAW's headquarters are at 8000 East Jefferson Avenue, Detroit, Michigan 48214.

14. Defendant TRW Inc., aka TRW Automotive Holdings ("TRW"), is an employer engaged in commerce within the meaning of 29 U.S.C. §§142, 152, and 185. TRW's headquarters are at 12001 Tech Center Drive, Livonia, Michigan 48150.

15. TRW is successor to Kelsey-Hayes Company, Massey-Ferguson Corporation, Lucas Varity Automotive Holding Company, Lucas Varity PLC, and Lucas Varity Kelsey-Hayes.

16. TRW is the successor to defendants in other retirement healthcare actions, United States District Court, Eastern District of Michigan, case nos. 93-74615, 93-40530, and 94-71698.

17. The individual plaintiffs and other proposed class members worked at a manufacturing plant operated by TRW and its predecessors in Detroit, Michigan and retired after February 1, 1998.

## Summary of Facts

18. TRW promised fully-paid lifetime retirement healthcare for the individual plaintiffs and other former UAW-represented employees who retired from the Detroit plant and who, while employed by TRW and its predecessors, were members of UAW-represented collective bargaining units, and for the eligible dependents and surviving spouses of those retired employees.

19. The UAW was the collective bargaining representative of the individual plaintiffs at the plant operated by TRW and its predecessors, including Kelsey-Hayes Corporation, in Detroit, Michigan.

4

20. TRW purchased the plant from Kelsey-Hayes and assumed the collective bargaining agreement obligations of Kelsey-Hayes.

21. The UAW negotiated a series of CBAs with TRW and its predecessors governing the terms of unit members' employment; these CBAs promise employer-paid lifetime healthcare for retirees and their eligible dependents and surviving spouses.

22. TRW closed the Detroit plant in 2001 and agreed that "any obligation…with respect to…payments to retirees for retiree health care…shall be governed by applicable law and benefit plans (including those provisions contained in collective bargaining agreements) and are not released by this Agreement."

23. TRW is subject to final judgments and rulings that certain retirees and surviving spouses have a right under various CBAs with UAW to fully-paid retiree healthcare. See, e.g., *Golden v. Kelsey-Hayes Co.*, 845 F.Supp. 410 (E.D. Mich. 1994) (granting PI) *aff'd* 73 F.3d 648 (6th Cir. 1996) (affirming PI); *Golden v. Kelsey-Hayes Co.*, 954 F.Supp. 1173 (E.D. Mich. 1997) (granting SJ to retirees).

24. TRW was enjoined in December 2008 by United States District Judge Julian Cook "from implementing its retiree buyout program." Judge Cook wrote that "The Court enjoins TRW from implementing its Voluntary Retiree Medical Care Buyout Program." (*Fox v. Massey-Ferguson, Inc.*, case no. 93-cv-74615 (E.D. Mich., Docket 323, 12/10/08)).

## Class Action

25. Individual plaintiffs James Ward, Marshall Hunt, and Richard Garden bring this action for themselves, and on behalf of other similarly-situated retirees and the retirees' eligible dependents and surviving spouses, under Federal Rules of Civil Procedure 23(a) and (b)(1) and (b)(2).

26. The proposed class consists of former UAW-represented employees who retired after February 1, 1998 from TRW's facility in Detroit, Michigan, as well as those retirees' eligible dependents and surviving spouses.

27. The proposed class consists of more than 100 members, on information and belief, and is so numerous that joinder is impracticable.

28. There are questions of law and fact common to the class, including legal and factual questions regarding TRW's actions regarding promised retirement healthcare as outlined in TRW's September 14, 2011 letter and booklet.

29. The individual plaintiffs' claims are typical of the claims of the proposed class as these claims arise under CBAs covering former UAW-represented employees who worked at and retired from TRW's facility, and under welfare benefit plans covering the retirees, their eligible dependents and surviving spouses, and relate to conduct on the part of TRW that will adversely affect class members' retirement healthcare in the future.

30. The individual plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plans, and because they have secured the representation of attorneys who are knowledgeable and experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of UAW in their efforts to enforce their rights and the rights of other class members to retirement healthcare.

31. The actions addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief and corresponding declaratory relief and other relief sought is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the

risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

## COUNT I – BREACH OF CBA

32. Paragraphs 1-31 are incorporated.

33. TRW is obligated under CBAs, a plant closing agreement, and prior federal court rulings to provide the individual plaintiffs, their eligible dependents and surviving spouses, and others similarly-situated, with lifetime retirement healthcare fully-paid by the employer.

34. TRW's planned actions will change the TRW Retiree Plan, discontinue class members' participation in that plan, preclude future participation in that plan by class members, and transfer the class members into an individual Health Reimbursement Account and will breach TRW's CBA obligation.

35. TRW's assertion of the unilateral right to alter and terminate retirement healthcare, including the right to alter and terminate unilaterally implemented individual Health Reimbursement Accounts, breach TRW's CBA obligations.

36. TRW's conduct and actions and planned action constitute breach of the CBA.

37. TRW's CBA breach causes plaintiffs and proposed class members injury and damage.

## COUNT II – VIOLATION OF ERISA BENEFIT PLAN

38. Paragraphs 1-37 are incorporated.

39. The collectively-bargained lifetime retirement healthcare promised and provided to retirees of TRW (and its predecessors) and to the retirees' eligible dependents and surviving spouses, including the individual plaintiffs and others similarly-situated, and their eligible

dependents and surviving spouses, constitutes one or more "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

40. TRW is the plan "sponsor" and "administrator" of the "TRW Retiree Plan," an "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

41. The individual plaintiffs and persons similarly-situated, and their eligible dependents and surviving spouses, are "participants" in, or "beneficiaries" of, these "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

42. The collectively-bargained "employee welfare benefit" plan or plans sponsored and administered by TRW promise and provide lifetime healthcare for retirees, including the individual plaintiffs, their eligible dependents and surviving spouses, and others similarly-situated.

43. TRW's actions constitute wrongful and actionable acts under 29 U.S.C. §§1132(a)(1)(B) and (a)(3) which entitle a participant or beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

44. The imposition of the individual HRA and other changes in the TRW Retiree Plan, and TRW's assertion of unilateral authority to make changes in, or terminate, the TRW Retiree Plan and other retirement healthcare plan or plans constitute wrongful acts and breach obligations under ERISA and the governing plan or plans and cause injury and damage to the individual plaintiffs and proposed class members.

**COUNT III – BREACH OF FIDUCIARY DUTY**

45. Paragraphs 1-44 are incorporated.

46. TRW is the administrator of the "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

47. As plan administrator, TRW acts as a fiduciary.

48. TRW has a fiduciary duty to not materially mislead healthcare plan participants and beneficiaries including retirees and surviving spouses.

49. TRW has a duty to fully disclose the risks and adverse effects that plan participants and beneficiaries will experience if placed into an HRA.

50. TRW's September 14, 2011 letter and booklet do not fully disclose the risk, and are misleading, deceptive, and otherwise breach TRW's fiduciary duties.

51. TRW's changes to the "TRW Retiree Plan" and misleading and incomplete representations about the TRW Retiree Plan and the HRAs planned to replace coverage under that plan breach TRW's fiduciary duties.

52. TRW's letter and booklet breach its fiduciary duties because they falsely suggest that TRW is making changes to benefit retirees and surviving spouses, based on what TRW "heard from many TRW retirees requesting more flexibility" and because the "individual Medicare market has expanded tremendously" and because "TRW wants to help its retirees take advantage of this great opportunity" and is therefore "pleased to announce a change in our retiree health care program effective January 1, 2012." (Ex. 1).

## **Relief Requested**

Plaintiffs ask that the Court:

1. Certify this action as a class action, appoint individual plaintiffs James Ward, Marshall Hunt, and Richard Garden as class representatives, and appoint individual plaintiffs' counsel as class counsel;

2. Declare and determine that TRW's imposition of changes set forth in its September 14, 2011 letter breaches the CBAs and the TRW Retiree Plan and related welfare benefit plan or plans and breaches their fiduciary duties;

3. Issue an injunction directing TRW to rescind its September 14, 2011 letter and to satisfy its contractual and statutory duties and responsibilities under the CBAs and the related welfare benefit plan or plans and to maintain promised retirement healthcare for class members;

4. Direct TRW to refrain from and cease implementation of the changes set forth in the September 14 letter, or if implemented, to restore the prior plan and remedy those violations by paying damages and otherwise reimbursing and making individual plaintiffs and class members whole;

5. Award damages to individual plaintiffs and class members and direct TRW to reimburse and otherwise make class members whole for any and all losses incurred as a result of TRW's wrongful conduct;

6. Permit any class member who receives any "contribution" from TRW (per its September 14, 2011 letter) to keep such funds as compensatory damages and/or punitive damages caused by TRW's actions;

7. Direct TRW to pay interest on damages and "make whole" reimbursements, to pay costs, expenses, and attorney fees, and to pay such other compensatory, punitive, and exemplary damages as may be warranted; and

8. Award such other relief as may be warranted by law and equity.

        s/William Wertheimer
        Law Office of William Wertheimer (P26275)
        30515 Timberbrook Lane
        Bingham Farms, MI 48025
        248-644-9200
        billwertheimer@gmail.com

s/John G. Adam
Stuart M. Israel (P15359)
John G. Adam (P37205)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com
jga@legghioisrael.com

Attorneys for Class Representatives and UAW

Michael F. Saggau (P35326)
  Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW

**JURY DEMAND**

Plaintiffs request a jury trial of all issues triable by jury.

                          s/William Wertheimer
                          Law Office of William Wertheimer (P26275)
                          30515 Timberbrook Lane
                          Bingham Farms, MI 48025
                          248-644-9200
                          billwertheimer@gmail.com

                          s/John G. Adam
                          Stuart M. Israel (P15359)
                          John G. Adam (P37205)
                          Legghio & Israel, P.C.
                          306 South Washington, Suite 600
                          Royal Oak, MI 48067
                          (248) 398-5900
                          israel@legghioisrael.com
                          jga@legghioisrael.com

                          Attorneys for Class Representatives and UAW

                          Michael F. Saggau (P35326)
                           Associate General Counsel
                          International Union, UAW
                          8000 E. Jefferson Avenue
                          Detroit, MI  48214
                          (313) 926-5216
                          msaggau@uaw.net

                          Attorney for UAW