IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**KELSEY-HAYES COMPANY**, *et al.*,<br><br>Defendants. | CASE NO. 2:11-cv-14434-JAC-RSW<br><br>JUDGE JULIAN ABELE COOK |

William Wertheimer (P26275)
LAW OFFICE OF WILLIAM WERTHEIMER
30515 Timberbrook Lane
Bingham Farms, MI 48025
Telephone: (248) 644-9200
Email: billwertheimer@gmail.com

Stuart M. Israel (P15359)
John G. Adam (P37205)
LEGGHIO & ISRAEL, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
Telephone: (248) 398-5900
Email: israel@legghioisrael.com
       jga@legghioisrael.com

Michael F. Saggau (P35326)
Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI 48214
(313) 926-5216
Email: msaggau@uaw.net

*Attorneys for Plaintiffs*

Gregory V. Mersol (OH 0030838)
Todd A. Dawson (OH 0070276)
BAKER & HOSTETLER LLP
3200 PNC Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: gmersol@bakerlaw.com
       tdawson@bakerlaw.com

*Attorneys for Defendants Kelsey-Hayes Company
And TRW Automotive Holdings Corporation*

Nancy G. Ross
MCDERMOTT WILL & EMERY LLP
227 W. Monroe Street
Chicago, IL 60606
Telephone: (312) 984-7686
Email: nross@mwe.com

*Attorneys for Defendant Northrop Grumman
Systems Corporation*

**DEFENDANTS' MOTION TO STAY LITIGATION**

1

Defendants hereby move for an Order from the Court staying the above-captioned matter, pending a ruling by the United States Supreme Court in *M&G Polymers USA, LLC v. Tackett*, Supreme Court Case No. 13-1010 ("*Tackett*"). The grounds for defendants' request, which are explained more fully in the attached brief, are as follows:

1) As demonstrated by their renewed motion for summary judgment (Doc. 69), plaintiffs' claims in this case are based on their assertion that they and other putative class members have an unalterable right to lifetime retiree healthcare insurance based on the inference created in *UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983) ("*Yard-Man*").

2) In *M&G Polymers USA, LLC v. Tackett*, 733 F.3d 589 (6th Cir. 2013), the Sixth Circuit Court of Appeals applied the *Yard-Man* inference to find that a vested, lifetime right to retiree healthcare existed.

3) On May 5, 2014, the United States Supreme Court accepted *certiorari* in *Tackett* on a question that specifically pertained to the Sixth Circuit's application of the *Yard-Man* inference in that case. 2014 U.S. LEXIS 3192 (May 5, 2014).

4) The Supreme Court's acceptance of *certiorari* in *Tackett* suggests that the continued viability of the *Yard-Man* inference, at least as it has been applied recently, may be in question to an undetermined extent.

5) As explained in the attached brief in support, the Sixth Circuit has already held, over plaintiffs' objection, that a deferral in light of *Tackett* is appropriate in *USW v. Kelsey-Hayes Co.*, 2014 U.S. App. LEXIS 7501 (6th Cir. April 22, 2014). Plaintiffs in this case have insisted that the issues presented in this matter are "virtually identical" to those at issue in *USW v. Kelsey-Hayes Co.*

6) Because plaintiffs' claims in this case are based on *Yard-Man*, a modification or rejection of the *Yard-Man* analysis by the Supreme Court in *Tackett* may significantly impact the outcome of this matter.

Defendants therefore ask that this litigation be stayed until the Supreme Court issues its *Tackett* opinion. Such deferral will allow the parties to fully address any additional issues that arise under the Supreme Court's analysis, and will allow the Court to decide this case with the Supreme Court's guidance in hand.

Pursuant to Local Rule 7.1(a), defendants have contacted plaintiffs' counsel to determine whether plaintiffs will oppose this motion. Plaintiffs' counsel has indicated that they will oppose defendants' request.

        Respectfully submitted,

        s/ *Gregory V. Mersol*
        GREGORY V. MERSOL (0030838)
        GMERSOL@BAKERLAW.COM
        TODD A. DAWSON (0070276)
        TDAWSON@BAKERLAW.COM
        BAKER & HOSTETLER LLP
        3200 PNC Center
        1900 East Ninth Street
        Cleveland, Ohio 44114-3485
        Telephone:    (216) 621-0200
        Facsimile:     (216) 696-0740

        *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)**, *et al.*, </br></br>Plaintiffs, </br></br>v. </br></br>**KELSEY-HAYES COMPANY**, *et al.*, </br></br>Defendants. | CASE NO. 2:11-cv-14434-JAC-RSW </br></br>JUDGE JULIAN ABELE COOK |

William Wertheimer (P26275)
LAW OFFICE OF WILLIAM WERTHEIMER
30515 Timberbrook Lane
Bingham Farms, MI 48025
Telephone: (248) 644-9200
Email: billwertheimer@gmail.com

Stuart M. Israel (P15359)
John G. Adam (P37205)
LEGGHIO & ISRAEL, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
Telephone: (248) 398-5900
Email: israel@legghioisrael.com
        jga@legghioisrael.com

Michael F. Saggau (P35326)
Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI 48214
(313) 926-5216
Email: msaggau@uaw.net

*Attorneys for Plaintiffs*

Gregory V. Mersol (OH 0030838)
Todd A. Dawson (OH 0070276)
BAKER & HOSTETLER LLP
3200 PNC Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: gmersol@bakerlaw.com
        tdawson@bakerlaw.com

*Attorneys for Defendants Kelsey-Hayes Company
And TRW Automotive Holdings Corporation*

Nancy G. Ross
MCDERMOTT WILL & EMERY LLP
227 W. Monroe Street
Chicago, IL 60606
Telephone: (312) 984-7686
Email: nross@mwe.com

*Attorneys for Defendant Northrop Grumman
Systems Corporation*

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY LITIGATION**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................1

II.   STATEMENT OF RELEVANT FACTS.................................................................2

III.   ARGUMENT ...........................................................................................................3

        A.   Defendants' Requested Stay Is Necessary To Ensure Consistency With The Supreme Court's Forthcoming Guidance In Tackett. ...................................................................3

            1.   *Tackett* Is Likely To Affect The Outcome In This Case.....................................3

            2.   The Sixth Circuit's Stay In *USW v. Kelsey Hayes Co.*, In Conjunction With Plaintiffs' Reliance On That Case, Confirms That Defendants' Motion Should Be Granted. ......................................................................................5

        B.   Plaintiffs Will Not Be Prejudiced By A Stay In This Case. ...............................6

IV.   CONCLUSION........................................................................................................7

i

## STATEMENT OF THE ISSUES PRESENTED

Whether this case should be stayed pending the United States Supreme Court's decision in *M & G Polymers USA, LLC v. Tackett*, 2014 U.S. LEXIS 3192 (May 5, 2014), in light of the fact that the Supreme Court's decision will, in all likelihood, materially impact the analysis of plaintiffs' claims.


## STATEMENT OF CONTROLLING/APPROPRIATE AUTHORITIES

1) *M & G Polymers USA, LLC v. Tackett*, 2014 U.S. LEXIS 3192 (May 5, 2014) ("*Tackett*").

2) *USW v. Kelsey-Hayes Co.*, 6th Circuit Case No. 13-1717, Order Granting *Defendants-Appellants' Motion To Defer Consideration Of Petition For Panel Rehearing In Light Of Supreme Court Order Granting Certiorari In* **M&G Polymers USA, LLC v. Tackett**, attached as Exhibit 1.

## I.     INTRODUCTION

As defendants explained in their opposition to plaintiffs' renewed motion for summary judgment (Doc. 72), this case sits at the edge of a potential sea change in the law that governs vesting of retiree healthcare rights.  As demonstrated by plaintiffs' summary judgment motion (Doc. 67), the crucial question in this case is whether the parties intended, through their collective bargaining agreement (the "CBA"), to create a lifetime right to unalterable retiree health insurance.  While the CBA does not explicitly address the duration of retiree benefits, plaintiffs argue that the Sixth Circuit's *Yard-Man* vesting inference should be applied to create a lifetime right.  S*ee UAW v. Yard-Man*, 716 F.2d 1476 (6th Cir. 1983) ("*Yard-Man*").

Only a month ago, the Supreme Court accepted *certiorari* on precisely this question, *i.e.,* whether a collective bargaining agreement that is silent regarding the duration of retiree health benefits may be interpreted to require such benefits for life.  *See M & G Polymers USA, LLC v. Tackett*, 2014 U.S. LEXIS 3192 (May 5, 2014) ("*Tackett*").  The acceptance of *certiorari* on this specific question suggests that the Supreme Court may modify or even reject the *Yard-Man* inference.  And, because plaintiffs' claims are based almost entirely on the *Yard-Man* inference and the case law applying it, the Supreme Court's *Tackett* decision is almost certain to impact the outcome of this case.  Accordingly, this case should be stayed until *Tackett*'s issuance, at which point the parties and the Court can proceed with the Supreme Court's guidance in hand.

## II.   STATEMENT OF RELEVANT FACTS[1]

Plaintiffs are Medicare-eligible retirees from an automotive plant in Detroit, Michigan that closed in 2001. (Doc. 72-2 ¶¶ 5-7, Page ID 1733-34). The collective bargaining agreement that covered the Detroit plant prior to its closure (the "Detroit CBA") included two supplements (Supplements H and H-1) that described health insurance benefits for retirees. (*Id.*). While the Detroit CBA did not contain any durational language that was specific to retiree health insurance, the agreement did provide that the entire collectively bargained insurance program (which included retiree insurance) would continue only until expiration of the Detroit CBA:

> **Section 10.   Duration Of Agreement**
>
> This Agreement [*i.e.*, Supplement H] and Program [*i.e.*, Supplement H-1] as modified supplemented by this Agreement shall continue in effect until the termination of the Collective Bargaining Agreement of which this is a part.

(Doc. 72-3 at (4), Page ID 1756). In addition, Supplement H-1 provided Kelsey-Hayes with the right to change the retiree health insurance plan. (Doc. 72 at 4-6, Page ID 1707-09; *see also* Doc. 72-3 at 5-6, 31, 53, Page ID 1762-63, 1788, 1810).

Plaintiffs filed this action after defendant Kelsey-Hayes announced certain changes in retiree healthcare benefits. (*See* Doc. 72, Page ID 1711-13). In short, rather than continuing the prior, one-size-fits-all group coverage, Kelsey-Hayes began providing Medicare-eligible retirees with sufficient funds (through reimbursement) to purchase individual insurance policies to supplement their

---

[1]   To avoid repetition, defendants will not fully repeat the facts set forth in their opposition to plaintiffs' most recent summary judgment motion. (*See* Doc. 72, Page ID 1706-14). Defendants furthermore will not burden the record by re-filing exhibits that were included with their opposition brief. (*See* Docs. 72-1 through 72-10). Instead, defendants will provide a summary in this brief of the facts relevant to their requested stay of this matter, and cite to the relevant opposition brief exhibits by docket number. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, however, defendants incorporate the full Statement of Facts from their summary judgment opposition brief as well as the supporting exhibits.

Medicare coverage. (*Id.*). Plaintiffs insist that this change violated their alleged right to lifetime, unalterable, group insurance. While plaintiffs have not identified any contractual language that explicitly guarantees such benefits for life, they argue that the Detroit CBA should be construed in accordance with the *Yard-Man* inference to require such coverage.

Despite plaintiffs' protests, it is undisputed that no retiree has exhausted their Company-provided funds. In fact, while Kelsey-Hayes gave every eligible retiree and every eligible dependent $15,000 in the first year of the new structure and $4,800 per year thereafter, the vast majority of the retirees can replicate their prior group coverage for less than $4,000 per year. (Doc. 72-2 ¶¶ 19-24, Page ID 1736-38). Thus, through April 2014, single Detroit retirees have an average of $13,133.63 in remaining funds and married Detroit retirees have an average of $25,146.11. (*Id.*).

## III. ARGUMENT

### A. Defendants' Requested Stay Is Necessary To Ensure Consistency With The Supreme Court's Forthcoming Guidance In Tackett.

#### 1. *Tackett* Is Likely To Affect The Outcome In This Case.

The Sixth Circuit's long-standing *Yard-Man* inference—the linchpin of plaintiffs' claims in this case—is the focus of the Supreme Court's acceptance of *certiorari* in *Tackett*. In *Tackett v. M&G Polymers USA LLC*, 733 F.3d 589 (6th Cir. 2013), the Sixth Circuit found that the plaintiff retirees had a vested, lifetime right to health insurance under *Yard-Man* based on CBA language stating that they would receive "full Company contribution" for health care benefits, because of the "absence of evidence to the contrary." On May 5, 2014, the U.S. Supreme Court granted the *Tackett* defendant's petition for *certiorari*. *M&G Polymers USA, LLC v. Tackett*, Supreme Court Case No. 13-1010, *cert. granted* May 5, 2014. Specifically, the Supreme Court agreed to hear the following question:

> Whether, when construing collective bargaining agreements in Labor Management Relations Act (LMRA) cases, courts should presume that silence concerning the duration of retiree health-care benefits means the parties intended those benefits to vest (and therefore continue indefinitely), as the Sixth Circuit holds; or should require a clear

3

> statement that health-care benefits are intended to survive the termination of the collective bargaining agreement, as the Third Circuit holds; or should require at least some language in the agreement that can reasonably support an interpretation that health-care benefits should continue indefinitely, as the Second and Seventh Circuits hold.

(emphasis added).

This is precisely the issue to be addressed here. As explained above, plaintiffs in this case have not identified any language in the Detroit CBA that explicitly requires Kelsey-Hayes to continue retiree healthcare benefits "for life." There is, in fact, no such durational language anywhere in the agreement.[2] Plaintiffs therefore rely upon less-than-explicit provisions (*i.e.*, that the Company "shall continue" to provide benefits) in conjunction with the *Yard-Man* inference in an attempt to support their claims. They furthermore rely upon other cases in which the *Yard-Man* inference was applied to purportedly similar contract language. (Doc. 67-14 and 67-15). The *Tackett* decision will dictate whether these cases, and the *Yard-Man* inference itself, remain good law.

This Court has, in similar instances, held that a stay of litigation is appropriate. For example, the defendant in *Lumbermen's, Inc. v. Blue Cross & Blue Shield of Mich.* was being sued in several different cases based on similar claims. *See* 2013 U.S. Dist. LEXIS 107420 (E.D. Mich. July 24, 2013) (Duggan, J.) The plaintiffs in one of the separate cases had prevailed following a bench trial, and the defendant filed an appeal. The defendant then filed a motion to stay in *Lumbermen's Inc.*, asking the Court to hold the case in abeyance pending the outcome of its separate appeal. The Hon. Patrick J. Duggan granted the defendant's motion over the plaintiff's opposition, noting the likely impact of the Sixth Circuit's ruling in the pending appeal:

> As conceded by all parties, the instant action involves legal issues that are substantially similar to, if not identical to, those recently decided in *Hi-Lex*. Therefore, because any decision rendered by the Sixth

---

[2] Supplement H *does*, however, include explicit language that terminates the contractual insurance program upon expiration of the Detroit CBA. (Doc. 72-3 at (4), Page ID 1756).

4

> Circuit Court of Appeals in BCBSM's appeal will surely influence, if not govern, the outcome of Plaintiffs' claims here, it would be unwise to proceed with the instant action prior to the Sixth Circuit's review of Judge Roberts' decision in *Hi-Lex*.

*Id.* at *3.

As in *Lumbermen's, Inc.*, the Supreme Court's *Tackett* decision "will surely influence, if not govern, the outcome of Plaintiffs' claims here." *Id.* A stay therefore is both appropriate and necessary to ensure consistency with the Supreme Court's forthcoming guidance.

> **2.     The Sixth Circuit's Stay In *USW v. Kelsey Hayes Co.*, In Conjunction With Plaintiffs' Reliance On That Case, Confirms That Defendants' Motion Should Be Granted.**

Plaintiffs' own arguments confirm the appropriateness of defendants' requested stay. In their renewed motion for summary judgment, plaintiffs cite liberally to Judge Drain's decision in *USW v. Kelsey-Hayes Co.*, 943 F. Supp. 2d 747 (E.D. Mich. 2013) (the "Jackson Case"). The Jackson Case, which is currently pending before the Sixth Circuit, involved a different group of retirees from a different Kelsey Hayes plant in Jackson, Michigan, who were challenging the new healthcare payment structure that Kelsey Hayes implemented. Judge Drain found that the Jackson CBA precluded this change. *Id.*

Kelsey Hayes and the other defendants in the case appealed, and a divided Sixth Circuit panel originally affirmed the district court's opinion. *See* 2014 U.S. App. LEXIS 7501 (6th Cir. April 22, 2014). Following the Supreme Court's acceptance of *certiorari* in *Tackett*, however, defendants filed a petition for panel rehearing accompanied by a motion to defer consideration of the petition until the Supreme Court issues its *Tackett* opinion. Plaintiffs objected on multiple grounds. Nonetheless, the Sixth Circuit granted the motion for deferred consideration, and the case now remains pending before the appellate court. (Order attached as Ex. 1).

In moving for summary judgment in this case, plaintiffs rely heavily upon the Jackson decision. According to plaintiffs, "Judge Drain held that 'the unambiguous language of [virtually

5

identical] CBAs demonstrates the plaintiffs' right to vested lifetime retirement health insurance coverage.'" (Doc. 67 Page ID 1238-39). Plaintiffs inserted the "virtually identical" notation into this quote to support their insistence that the Jackson Case involves "virtually identical" issues. Plaintiffs further urge the Court to adopt Judge Drain's reliance on *Golden v. Kelsey-Hayes*, 954 F. Supp. 1173 (E.D. Mich. 1997), another case that involved a different group of retirees.[3]

Plaintiffs' reliance on the Jackson Case confirms that this case should be stayed pending the Supreme Court's decision in *Tackett*. The Sixth Circuit has already decided—over plaintiffs' objection—that the issues in the Jackson Case are sufficiently analogous to those presented in *Tackett* to require a stay of the Jackson proceeding. And, plaintiffs have insisted before this Court that the issues in this matter are "virtually identical" to those in the Jackson Case. Thus, plaintiffs' own arguments confirm that a stay is appropriate.

### B. Plaintiffs Will Not Be Prejudiced By A Stay In This Case.

As explained in defendants' opposition to summary judgment, the Detroit retirees have not suffered any damages as a result of the healthcare funding change, nor are they likely to suffer such damages in the foreseeable future. (Doc. 72 Page ID 1725-28). The funds that Kelsey-Hayes has provided to the retirees in this case have been more than sufficient to cover their expenses. Indeed, after more than two years under the new funding structure, single Detroit retirees have an average balance of $13,133.63. Married Detroit retirees have an average of $25,146.11. (Doc. 72-2 ¶¶ 19-24, Page ID 1736-38). Based on current costs, Kelsey-Hayes' contributions will be more than sufficient to allow eligible retirees to replicate their existing health insurance coverage pending the Supreme Court's *Tackett* decision. Thus, plaintiffs would not be prejudiced by the requested stay.

---

[3] As explained in defendants' opposition to plaintiffs' renewed motion for summary judgment, plaintiffs' reliance upon *Golden* is misplaced. (See Doc. 72 Page ID 1719-21).

6

In fact, a stay may operate to the benefit of plaintiffs. Even ignoring the flaws in plaintiffs' claims and assuming that they initially might be successful, the Supreme Court's *Tackett* opinion would likely require that decision to be revisited or even reversed. In that instance, plaintiffs would experience multiple periods of displacement. The current structure would be dismantled and replaced with a group insurance policy, and the group insurance policy would be dismantled shortly thereafter and replaced with a structure that is consistent with the Supreme Court's *Tackett* guidance. With oral arguments in *Tackett* scheduled for October 2014[4] and a decision likely to be released in early 2015, these changes would all occur within a compressed period of time, further magnifying the upheaval.

Thus, particularly in light of the relatively short period of time in which the *Tackett* decision will be issued, a stay in this case is appropriate.

## IV. CONCLUSION

A stay of this case will ensure consistency with the Supreme Court's *Tackett* decision. The delay that may result from the requested stay is no more significant than the delay that would result from proceeding in a manner that the Supreme Court ultimately rejects, and a stay would preclude consumption of judicial resources and expense. Thus, defendants' motion should be granted.

---

[4] *See* Supreme Court of the United States Granted & Noted List Cases For Argument in October Term 2014, available at:

http://www.supremecourt.gov/orders/grantednotedlist.aspx?Filename=14grantednotedlist.html

7

Respectfully submitted,

s/ *Gregory V. Mersol*
GREGORY V. MERSOL (0030838)
GMERSOL@BAKERLAW.COM
TODD A. DAWSON (0070276)
TDAWSON@BAKERLAW.COM
BAKER & HOSTETLER LLP
3200 PNC Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone:     (216) 621-0200
Facsimile:     (216) 696-0740

*Attorneys for Defendants*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ *Gregory V. Mersol*
One of the Attorneys for *Defendants/Appellants*