UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); JAMES WARD,
MARSHALL HUNT, and RICHARD GORDON,
for themselves and others similarly-situated,

                                       Case No. 2:11-cv-14434

       Plaintiffs,                        Class Action

v.                                            U.S. District Judge
                                            George C. Steeh

KELSEY-HAYES COMPANY,
TRW AUTOMOTIVE HOLDINGS CORP, and
NORTHROP GRUMMAN SYSTEMS CORPORATION,

       Defendants.
_____/

## ORDER GRANTING CLASS CERTIFICATION

Plaintiffs move, pursuant to Fed. R. Civ. P. 23, that the Court **(1)** certify this

case as a class action and **(2)** appoint plaintiffs-retirees James Ward, Marshall

Hunt, and Richard Gordon, and their counsel, to prosecute the class action.

(Docket 87).  Defendants did not oppose the motion.

For the following reasons, the motion is granted.

**1.**    Ward, Hunt, and Gordon sue for themselves and a class of similarly-

situated retirees and the retirees' surviving spouses and other eligible dependents

(collectively, the "retirees").  They sue for breach of collective bargaining

agreement ("CBA") under Section 301 of the Labor-Management Relations Act

("LMRA"), 29 U.S.C. §185, and for violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.* Plaintiff UAW sues for CBA breach under LMRA Section 301.

2.      UAW and defendant Kelsey-Hayes were parties to the February 2, 1998 CBA governing the now-closed Kelsey-Hayes Detroit, Michigan manufacturing plant (the "1998 CBA") and to the collectively-bargained April 17, 2001 plant closing agreement (the "2001 Closing CBA"). Ward, Gordon, and Hunt retired from the UAW-represented bargaining unit at the Detroit plant in 1998, 2000, and 2001, respectively.

3.      All retirees in the proposed class retired under the 1998 CBA. All received company-paid comprehensive group health insurance from the time of retirement until January 1, 2012. On that date, defendants replaced the health insurance for retirees over age 65 with health reimbursement arrangements ("HRAs"). Defendants also assert the right to further alter or terminate retiree healthcare in the future. In this lawsuit, plaintiffs challenge these actions under LMRA Section 301 and ERISA.

4.      Plaintiffs ask the Court to appoint Ward, Hunt, and Gordon as class representatives and plaintiffs' counsel Stuart M. Israel, William Wertheimer, and John G. Adam and their law firms as class counsel. Plaintiffs define the class as:

2

Employees who retired under the 1998 collective bargaining agreement from the UAW-represented unit at the now-closed Kelsey-Hayes/TRW Detroit, Michigan plant and the retirees' surviving spouses and other dependents eligible for company-paid retiree health insurance.

**Rule 23 Class Action Standards**

**5.** Rule 23 "governs class certification." *USW v. Kelsey-Hayes Co.*, 290 F.R.D. 77, 80 (E.D. Mich. 2013). Under Rule 23(a), "[o]ne or more members of a class may sue...as representative parties on behalf of all members" where: **(1)** "the class is so numerous that joinder of all members is impracticable"; **(2)** "there are questions of law or fact common to the class"; **(3)** "the claims...of the representative parties are typical of the claims…of the class"; and **(4)** "the representative parties will fairly and adequately protect the interests of the class."

**6.** A class action is proper: **(1)** under Rule 23(b)(1) where "separate actions by...individual class members would create a risk of: (A) inconsistent or varying adjudications...that would establish incompatible standards of conduct" for defendants or (B) "as a practical matter, would be dispositive of the interests" of class members "not parties" or "would substantially impair or impede their ability to protect their interests" and **(2)** under Rule 23(b)(2), where defendants "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(1)(A) and (B) and (b)(2).

7.     District courts have "broad discretion in determining whether an action should be certified as a class action." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988). "When a court is in doubt as to whether to certify a class action, it should err in favor of allowing a class." *In re Cardizem CD Antitrust Litigation*, 200 F.R.D. 297, 303 (E.D. Mich. 2001) (citation omitted).

8.     Lawsuits involving LMRA/ERISA retiree healthcare claims have been certified as Rule 23 class actions in other cases in the Eastern District of Michigan brought against Kelsey-Hayes and related entities.  These include: **(1)** *USW v. Kelsey-Hayes Co.*, 290 F.R.D. 77, 79-80 (E.D. Mich. 2013) (certifying a class of retirees from the Kelsey-Hayes Jackson, Michigan plant and the retirees' surviving spouses and other eligible dependents); **(2)** *Golden v. Kelsey-Hayes Co.*, 954 F.Supp. 1173, 1175, n.7 (E.D. Mich. 1997) (certifying a class of retirees from the Kelsey-Hayes Detroit plant and other plants and the retirees' eligible dependents); and **(3)** *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 665, 670 (E.D. Mich. 1995) (certifying a class of retirees from Michigan, Iowa, and Ohio plants and the retirees' surviving spouses and other eligible dependents, finding "Varity, Massy-Ferguson, and Kelsey-Hayes are all part of one corporate entity"). Here, too, as discussed ahead, this action satisfies Rule 23 class action standards.

**Rule 23(a) and (g) Standards**

9.    __Rule 23(a)(1) numerosity.__   "The numerosity factor requires examination of the specific facts of each case and imposes no absolute limitations." *USW v. Kelsey-Hayes*, 290 F.R.D. at 80, citing *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976), *cert. denied* 429 U.S. 870 (1976). "The modern trend for meeting the numerosity factor is to require at a minimum 'between 21 and 40' class members."   *USW*, 290 F.R.D. at 80-81, quoting *Rodriguez v. Berrybrook Farms, Inc.*, 672 F.Supp. 1009, 1013 (W.D. Mich. 1987) (citations omitted) (there are no "magic numbers" which "automatically signify the existence or non-existence of a class action"; rather, "the general rule of thumb is that plaintiffs should be so numerous so as to make it impracticable to bring them all before the court").   Here, there are approximately 100 retirees, surviving spouses, and other eligible dependents in the proposed class.  The Rule 23(a)(1) "numerosity" requirement is satisfied.

10.    __Rule 23(a)(2) commonality.__   Commonality requires a "common question of law or fact."   *USW v. Kelsey-Hayes*, 290 F.R.D. at 81 (citation omitted).  There "need be only a single issue common to all members of the class." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (citations omitted).  The "interests and claims of the various plaintiffs need not be identical.  Rather, the commonality test is met when there is at least one issue

whose resolution will affect all or a significant number of the putative class members." *Reese v. CNH America*, 227 F.R.D. 483, 487 (E.D. Mich. 2005) (citations omitted). *USW v. Kelsey-Hayes* found that the commonality standard was met where the "proposed class members are all retirees" subject to CBAs promising "company-paid retirement healthcare benefits." 290 F.R.D. at 81. Similarly, *Bittinger v. Tecumseh Products Co*., 123 F.3d 877, 884 (6th Cir. 1997) found a "common question" where class members presented LMRA/ERISA claims that CBAs "guaranteed them lifetime, fully-funded benefits." See also *Reese*, 227 F.R.D. at 487-488 ("the test for commonality...is not demanding"; where defendants altered all retirees' healthcare, the commonality test was met despite individual "factual and legal variations") and *Fox*, 172 F.R.D. at 661-662 (commonality test met where plaintiffs, although asserting claims under various agreements for "varying amounts of damages," all challenged the decision to alter retiree healthcare). Here, Ward, Hunt, and Gordon and the proposed class members all present LMRA/ERISA retiree healthcare claims under the 1998 and 2001 CBAs, and so they satisfy the Rule 23(a)(2) "commonality" standard.

    **11.** **Rule 23(a)(3) typicality.** The typicality standard requires only that class representatives share one common question of law or fact with the class. *Senter*, 532 F.2d at 525. A plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class

members, and if his or her claims are based on the same legal theory." *In re American Medical Sys.*, 75 F.3d at 1078. "Like the test for commonality, the test for typicality is not demanding and the interests and claims of the various plaintiffs need not be identical." *Reese*, 227 F.R.D. at 487. See also *Fox*, 172 F.R.D. at 661-662 (typicality test met where "each proposed member asserts rights to health care benefits under the UAW negotiated agreements and supplements"). *USW v. Kelsey-Hayes* found "typicality" where the retirees challenged the imposed 2012 HRAs and Kelsey-Hayes' assertion of a unilateral right to further alter or terminate promised healthcare in the future. 290 F.R.D. at 81. Here all the retirees present LMRA/ERISA claims, sue to enforce the 1998 and 2001 CBAs, and challenge the imposed 2012 HRAs and Kelsey-Hayes' assertion of a unilateral right to reduce or terminate retiree healthcare in the future, and so, as in *USW v. Kelsey-Hayes*, the retirees satisfy the Rule 23(a)(3) "typicality" standard.

   12.   **Rule 23(a)(4) adequacy.** Class representatives "must have common interests with unnamed members of the class" and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 524-525. See *USW v. Kelsey-Hayes*, 290 F.R.D. at 81-82 (appointing retirees who show "commitment to pursue the common interests of the class members to enforce their collectively bargained for retiree healthcare benefits" and who joined with their former union which was "committed to

7

prosecuting" the class action).   Here, Ward, Hunt, and Gordon have vigorously prosecuted this action pressing the common interests of all class members in enforcing the CBAs under LMRA and ERISA, and have joined with the UAW to do so.  The Rule 23(a)(4) "adequacy" standard is satisfied.

13.   **Rule 23(g) adequacy.**  A court certifying a class must appoint counsel who will "fairly and adequately represent the interests of the class."  Rule 23(g)(4). The court determines "whether class counsel are qualified, experienced and generally able to conduct the litigation." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000), *cert. denied* 531 U.S. 1148 (2001).  "In the absence of a showing to the contrary, adequacy of counsel is often presumed." *Abby v. City of Detroit*, 218 F.R.D. 544, 548 (E.D. Mich. 2003), citing *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 487-488 (W.D. Mich. 1994).  Here the retirees are represented by qualified counsel, with pertinent experience prosecuting LMRA/ERISA retiree healthcare class action litigation. See *USW v. Kelsey-Hayes*, 290 F.R.D. at 82 (appointing Israel and his firm as class counsel, recognizing Israel's "extensive experience handling other ERISA/LMRA retirement healthcare litigation"); *Ford v. Federal-Mogul Corp.*, 2015 WL 110340 (E.D. Mich. 2015) at concl. of law 4 (appointing Israel as class counsel, finding "that he satisfies Rule 23(g) standards and is qualified and well-suited to fairly and adequately represent the interests of the class and he has done so"); Docket 21-2 (reflecting Wertheimer's qualifications and

experience handling retiree healthcare class actions); and Docket 21-1 (reflecting Adam's qualifications and experience in labor and employment matters, including other retiree healthcare litigation). Counsel's qualifications and experience also have been demonstrated by their work in this action and by their successful prosecution of the arbitration directed in this action by this Court (Docket 57) resulting in the *Glendon Award*. *Kelsey-Hayes Co. and UAW*, American Arbitration Association case no. 54-300-00540-12 (Arb. Paul E. Glendon, 2013) (Docket 86-10, Ex. 9). The Court finds that counsel will fairly and adequately represent the interest of the class and that the Rule 23(g) standards are satisfied.

## Rule 23(b) Standards

14. <u>**Rule 23(b)(2) generally applicable conduct.**</u> Certification is proper under Rule 23(b)(2) where defendants "acted" on "grounds that apply generally to the class." *USW v. Kelsey-Hayes* held that Rule 23(b)(2) certification was proper in an LMRA/ERISA action to enforce CBAs where Kelsey-Hayes imposed HRAs on the retiree class and asserted a right to further alter or terminate retiree healthcare in the future. 290 F.R.D. at 82. See also *Fox*, 172 F.R.D. at 665 (certifying the retiree class under Rule 23(b)(2); "it is abundantly clear" that the defendant's decision to alter "then-existing health care benefits affected the entire proposed class"); *UAW v. ACME Precision Products, Inc.*, 515 F.Supp 537, 540 (E.D. Mich. 1981) (action "seeking to compel the defendant to continue to pay the

cost of health insurance benefits for retirees, would be…a (b)(2) class" action); and *Sloan v. BorgWarner, Inc.*, 263 F.R.D. 470, 477 (E.D. Mich. 2009) (action to enforce collectively-bargained retirement healthcare certified under Rule 23(b)(1) and (2)).  Here, plaintiffs present the same LMRA/ERISA claims as in *USW v. Kelsey-Hayes*, seeking to enforce CBAs and protect healthcare for all class members, and satisfy the Rule 23(b)(2) standard.

15.  **Rule 23(b)(1)(A) risk of varying adjudications and (B) risk of impairing non-party interests.**  Certification is proper under Rule 23(b)(1)(A) if there is a risk of "inconsistent or varying adjudications" and under Rule 23(b)(1)(B) if there is a risk of impairment of the interests of non-parties.  See *USW v. Kelsey-Hayes*, 290 F.R.D. at 82-83 (certifying an LMRA/ERISA retiree healthcare action under Rule 23(b)(1)(A)); *Ford v. Federal-Mogul Corp.*, 2015 WL 110340, at *5 (E.D. Mich. 2015) (certifying an LMRA/ERISA retiree healthcare action under Rule 23(b)(1)(A) because of "risk of inconsistent or varying adjudications" and under Rule 23(b)(1)(B) because "individual adjudications as a practical matter might be dispositive of, or substantially impair or impede, the interests of other" retirees); and *Fox*, 172 F.R.D. at 665 (certifying an LMRA/ERISA retiree healthcare action under Rule 23(b)(1)(A) and (B); "If each retiree separately adjudicated his or her claim, different results are inevitable"; "adjudications with respect to individual members could substantially

impair the interests" of non-parties).  Here, plaintiffs also present LMRA/ERISA claims, and seek to enforce CBAs and protect healthcare for all class members, and satisfy the Rule 23(b)(1)(A) and (B) standards.

## CONCLUSION

For these reasons, the Court finds the Rule 23(a)(1)-(4), (b)(1)(A) and (B), (b)(2), and (g) standards and requirements are met.  Accordingly, it is ordered that:

1.   Plaintiffs' motion (Docket 87) is granted.

2.   The class is certified as follows:

> **Employees who retired under the 1998 collective bargaining agreement from the UAW-represented unit at the now-closed Kelsey-Hayes/TRW Detroit, Michigan plant and the retirees' surviving spouses and other dependents eligible for company-paid retiree health insurance.**

3.   Plaintiffs-retirees Ward, Hunt, and Gordon are appointed as Rule 23(a)(4) class representatives and attorneys Israel, Wertheimer, and Adam, and their law firms are appointed as Rule 23(g) class counsel.


                                        s/George Caram Steeh
                                        Hon. George Caram Steeh
                                        United States District Judge

Date:  April 28, 2015