UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); JAMES WARD,
MARSHALL HUNT, and RICHARD GORDON, for
themselves and others similarly-situated,

       Plaintiffs,

v.

KELSEY-HAYES COMPANY,
et al.,

       Defendants.

and

UNITED STEEL, PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC; RONALD STRAIT; and DANNY O.
STEVENS, for themselves and others similarly-situated,

       Plaintiffs,

v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE,
INC.; and TRW AUTOMOTIVE HOLDINGS CORP.,

       Defendants.

_____/

Case No. 11-cv-14434
 (consolidated with
  case no. 11-cv-15497)

Class Actions

U.S. District Judge
 George Caram Steeh

**MOTION (1) FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, (2) FOR APPROVAL OF NOTICE, AND (3) TO SET
OBJECTION DEADLINE AND FAIRNESS HEARING**

**BRIEF IN SUPPORT**

## MOTION (1) FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) FOR APPROVAL OF NOTICE, AND (3) TO SET OBJECTION DEADLINE AND FAIRNESS HEARING

Plaintiffs, pursuant to Fed. R. Civ. P. 23(e), ask the Court **(1)** to preliminarily approve the parties' settlement and Joint Stipulation of Settlement and Release (Ex. 1), to resolve the two retiree healthcare class actions remanded from the Sixth Circuit pursuant to the indicative rulings issued by United States District Judges George Caram Steeh and Gershwin A. Drain; **(2)** to approve the proposed Rule 23(c)(2)(A) notice (Ex. 2); and **(3)** to set a Rule 23(e)(2) hearing to determine the fairness, reasonableness, and adequacy of the settlement.

The two actions, now consolidated in case no. 11-cv-14434, are:

1.  *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW); James Ward, Marshall Hunt, and Richard Gordon, for themselves and others similarly situated v. Kelsey-Hayes Company, TRW Automotive Holdings Corp., and Northrup Grumman Systems Corporation* (the "**UAW action**") U.S.D.C., E.D. Mich. no. 2:11-cv-14434 (Steeh, J.) and U.S.C.A. Sixth Cir. no. 15-2285 and

2.  *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC; and Ronald Strait and Danny O. Stevens, for themselves and others similarly situated v. Kelsey-Hayes Company; TRW Automotive, Inc.; and TRW Automotive Holdings Corporation* (the "**USW action**"), U.S.D.C., E.D. Mich. no. 4:11-cv-15497 and U.S.C.A. Sixth Cir. no. 16-1240.

1

All remaining defendants in the now-consolidated actions consent to the relief sought in this motion.  This motion is supported by the attached brief and exhibits.

s/Stuart M. Israel
Stuart M. Israel (P15359)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com

Class counsel and attorney for all
plaintiffs in both actions

William A. Wertheimer (P26275)
Law Office of William A. Wertheimer
2018 North Lakeshore Road
Carsonville, MI 48419
(248) 396-2125
billwertheimer@gmail.com

Class counsel and attorney for plaintiffs
in the UAW action


Consent:

s/Gregory V. Mersol
Gregory V. Mersol (OH 0030838)
Todd A. Dawson (OH 0070276)
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
(216) 621-0200
gmersol@bakerlaw.com
tdawson@bakerlaw.com

Attorneys for all remaining defendants
in both actions

Robert M. Vercruysee (P21810)
Clark Hill
500 Woodward Ave, Suite 3500
Detroit, MI 48226
(313) 309-6958
rvercruysse@clarkhill.com



August 14, 2020

2

4849-0312-9024.1

# BRIEF IN SUPPORT

# TABLE OF CONTENTS

LOCAL RULE 7.1(d)(2) STATEMENT OF ISSUES ............................................. ii

LOCAL RULE 7.1(d)(2) STATEMENT OF APPROPRIATE AUTHORITIES ... iii

TABLE OF AUTHORITIES ................................................................................. vi

SUMMARY OF THE CASE ................................................................................. 1

SUMMARY OF PERTINENT FACTS ................................................................. 1

    1.    The parties and the class actions. ............................................ 1

    2.    The litigation. ............................................................................ 2

    3.    The Agreement. .......................................................................... 3

    4.    Remand. ...................................................................................... 5

    5.    Requested action ........................................................................ 5

    6.    Consent and Rule 23(e)(3) statement. ...................................... 6

ARGUMENT ........................................................................................................ 6

    I.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE ................................................................................ 6

        A.    The Legal Standards .................................................... 6

        B.    The Standards Applied ................................................. 9

    II.    THE PROPOSED RULE 23(c)(2)(A) NOTICE ................................. 14

    III.    THE OBJECTION AND HEARING TIMETABLE ......................... 15

    IV.    CONTEMPLATED PROCEEDINGS AFTER PRELIMINARY APPROVAL ................................................................................ 16

CONCLUSION ..................................................................................................... 17

i

## LOCAL RULE 7.1(d)(2) STATEMENT OF ISSUES

**Where** the parties engaged in protracted class action litigation in the district court and the Sixth Circuit Court of Appeals;

**where**, the two certified class actions were joined for mediation on appeal under the auspices of Sixth Circuit Mediator Rod M. McFaull;

**where**, all parties reached the Agreement (attached as Ex. 1), which will resolve the class action litigation in the district court and the Sixth Circuit;

**where**, Judges Steeh and Drain issued indicative rulings, and consolidated the two actions, following which the Sixth Circuit remanded for Rule 23 proceedings to consider approval of the Agreement;

**where**, the Agreement calls for retiree healthcare **(1)** to be provided into the future through an independent ERISA-regulated VEBA, **(2)** governed by fiduciaries, **(3)** funded by defendants' payment of $30.2 million to the VEBA trust over a 10-year period, **(4)** with the objective of providing comprehensive healthcare, coordinated with Medicare, throughout the lives of the covered retirees and their eligible dependents; and

**where**, all parties believe that the Agreement is fair and reasonable;

**WHETHER** this Court should:

1.    Preliminarily approve the proposed settlement;

2.    Approve the proposed Rule 23(c)(2)(A) class notice (Ex. 2);

3.    Set a Rule 23(e)(5) objection deadline to be included in the class notice; and

4.    Set a Rule 23(e)(2) fairness hearing for consideration of final approval of the settlement.

4849-0312-9024.1

## LOCAL RULE 7.1(d)(2) STATEMENT OF APPROPRIATE AUTHORITIES

1.  A settlement binding on class members requires district court approval "after a hearing" and "on finding" that the settlement "is fair, reasonable, and adequate."

    **Fed. R. Civ. P. 23(e)(2)**

2.  "The parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

    **Fed. R. Civ. P. 23(e)(3)**

3.  "The evaluation and approval of a class settlement is committed to the sound discretion of the district court."

    ***IUE-CWA v. General Motors Corp.***, **238 F.R.D. 583, 594 (E.D. Mich. 2006)**

4.  In deciding whether a proposed class settlement is "fair, reasonable, and adequate," the district court considers "the federal policy favoring settlement of class actions."

    ***UAW v. General Motors Corp.***, **497 F.3d 615, 632 (6th Cir. 2007)**

5.  A district court's role in reviewing class action settlements "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."

    ***Clark Equip. Co. v. Int'l Union, Allied Indus. Workers***, **803 F.2d 878, 880, reh. and reh. en banc den. (6th Cir. 1986)** *(per curiam)*, **cert. den.** **480 U.S. 934 (1987) (quoting** *Officers for Justice v. Civil Serv. Comm'n,* **688 F.2d 615 (9th Cir. 1982))**

    ***Priddy v. Edelman***, **883 F.2d 438, 447 (6th Cir. 1989)**

4849-0312-9024.1

6.  Factors considered by the district court may include:

    (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6) objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is consistent with the public interest.

    ***IUE-CWA v. General Motors Corp.***, **238 F.R.D. 583, 594 (E.D. Mich. 2006) (citations omitted)**

    ***In re Cardizem CD Antitrust Litigation***, **218 F.R.D. 508, 522 (E.D. Mich. 2003) (citations omitted),** ***app. dis.*** **391 F.3d 812 (6th Cir. 2004),** ***cert. den.*** **544 U.S. 1049 (2005)**

7.  The district court's preliminary assessment requires "no more than an informal presentation of the parties' proposals to the Court."

    ***In re Inter-Op Hip Prosthesis Liability Litigation***, **204 F.R.D. 330, 337 (N.D. Ohio 2001)**

8.  Preliminary approval "is based upon the court's familiarity with the issues and evidence, as well as the arms-length nature of the negotiations prior to the proposed settlement, ensuring that the proposed settlement is not illegal or collusive."

    ***In re Dun & Bradstreet Credit Services Customer Litigation***, **130 F.R.D. 366, 370 (S.D. Ohio 1990)**

4849-0312-9024.1

9. "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement."

*In re Telectronics Pacing Systems*, 137 F.Supp.2d 985, 1015-1016 (S.D. Ohio 2001) (quoting *Manual for Complex Litigation* §30.44 (2d ed. 1985))

*In re Inter-Op Hip Prosthesis Liability Litigation,* 204 F.R.D. 330, 350 (N.D. Ohio 2001)

10. The district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal."

**Fed. R. Civ. P. 23(e)(1)**

11. The district court has "virtually complete discretion" to select "the kind of notice to employ in order to inform class members of a settlement hearing."

*Franks v. Kroger Co.*, 649 F.2d 1216, 1222-1223 (6th Cir. 1981)

12. The notice "should be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" "All that the notice must do is 'fairly apprise'" class members of "'the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests."

*UAW v. General Motors Corp.*, 497 F.3d 615, 629-630 (6th Cir. 2007) (citations omitted)

v

# TABLE OF AUTHORITIES

## CASES

*Bronson v. Board of Education*, 604 F.Supp. 68 (S.D. Ohio 1984) ........................6

*Clark Equip. Co. v. Int'l Union, Allied Indus. Workers*, 803 F.2d 878, *reh. and reh. en banc den.* (6th Cir. 1986) *(per curiam)*, *cert. den.* 480 U.S. 934 (1987) .............................................................................. iii, 7

*Franks v. Kroger Co.*, 649 F.2d 1216 (6th Cir. 1981) ........................................v, 14

*In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508 (E.D. Mich. 2003), *app. dis.* 391 F.3d 812 (6th Cir. 2004), *cert. den.* 544 U.S. 1049 (2005) ................................................................................. iv, 7, 8

*In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990) ....................................................................... iv, 9

*In re Inter-Op Hip Prosthesis Liability Litigation*, 204 F.R.D. 330 (N.D. Ohio 2001) ..................................................................... iv, v, 8, 9

*In re Telectronics Pacing Systems*, 137 F.Supp.2d 985 (S.D. Ohio 2001) .... v, 9, 13

*IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583 (E.D. Mich. 2006) ..................
.................................................................iii, iv, 6, 8, 10, 11, 12, 13

*Kelsey-Hayes Co. v. UAW*, 138 S.Ct. 1166 (2018) ....................................................12

*M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015) ....................................12

*Moore v. Menasha Corp.*, 690 F.3d 444 (6th Cir. 2012), *cert. den.* 568 U.S. 1250 (2013) ..................................................................................10

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ....................14

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) .......... iii, 7

*OPEIU v. UAW*, 311 F.R.D. 447 (E.D. Mich. 2015) ................................................10

*Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989) .............................................. iii, 7

*Reed v. Rhodes*, 869 F.Supp. 1274 (N.D. Ohio 1994) ................................................6

4849-0312-9024.1

*Shy v. Navistar Intl. Corp.*, 1993 WL 1318607 (S.D. Ohio 1993) ...........................8

*Steiner v. Fruehauf Corp.*, 121 F.R.D. 304 (E.D. Mich. 1988)................................7

*Stone v. Signode Indus. Group, LLC*, 943 F.3d 381 (7th Cir. 2019), *reh. en banc den.* (2020) .....................................................................................13

*UAW v. General Motors Corp.*, 2005 WL 5416766 (E.D. Mich.) ..........................15

*UAW v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)........ iii, v, 6, 8, 10, 14

*UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983), *cert den.*, 465 U.S. 1007 (1984)...................................................................................................12

## STATUTES

Class Action Fairness Act (CAFA), 28 U.S.C. §1711, *et seq.* ..................... 5, 15, 16

Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq.* ............................................................................... ii, 2, 3, 10, 11

Labor Management Reporting Disclosure Act (LMRDA), Section 501, 29 U.S.C. §501..................................................................................10

Labor-Management Relations Act (LMRA), 29 U.S.C. §186..................................2

## RULES

Federal Rule of Civil Procedure 23 ................................ ii, 1, 5, 14, 15, 16

Federal Rule of Civil Procedure 23(b)(1) ..................................................2

Federal Rule of Civil Procedure 23(b)(2) ..................................................2

Federal Rule of Civil Procedure 23(c)(2)(A)....................................... ii, 1

Federal Rule of Civil Procedure 23(e) ........................................... 5, 6, 11

Federal Rule of Civil Procedure 23(e)(1) ................................... v, 5, 6, 14

Federal Rule of Civil Procedure 23(e)(2) ...................ii, iii, 1, 5, 6, 13, 17

Federal Rule of Civil Procedure 23(e)(3) .............................................. iii

Federal Rule of Civil Procedure 23(e)(5) ........................ ii, 1, 5, 6, 13, 15

4849-0312-9024.1

Federal Rule of Civil Procedure 62.1(a)(3) ..............................................................5

**OTHER AUTHORITIES**

*Manual for Complex Litigation* §21.632 (4th ed. 2004)............................................9

*Manual for Complex Litigation* §30.44 (2d ed.) 1985...........................................v, 9

## SUMMARY OF THE CASE

This motion asks the Court to conduct Rule 23 proceedings contemplating approval of the settlement of two certified retiree healthcare class actions.

The parties engaged in settlement negotiations on appeal under the auspices of Sixth Circuit Mediator Rod M. McFaull.  All parties reached the mutually-acceptable settlement memorialized in their Agreement, attached as **Exhibit 1**.

We ask that the Court preliminarily approve the settlement.  In addition, we ask that the Court approve for mail distribution the proposed Rule 23(c)(2)(A) notice attached as **Exhibit 2**.  Finally, we ask that the Court set a Rule 23(e)(5) objection deadline and a Rule 23(e)(2) fairness hearing for consideration of final approval of the settlement and entry of judgment.

## SUMMARY OF PERTINENT FACTS

1.    **The parties and the class actions.**  The two class actions, now consolidated in this Court, address disputes about the duration of collectively-bargained retiree healthcare.  The plaintiffs in each action include a union and a retiree representing a certified class of retirees and the retirees' dependents.

The UAW action arises out of a now-closed Autoworkers-represented Kelsey-Hayes/TRW industrial plant in Detroit, Michigan.  The USW action arises out of a now-closed Steelworkers-represented Kelsey-Hayes industrial plant in Jackson, Michigan.  Descriptions of the certified classes and those affected by the settlement

1

are set out in the notice, Exhibit 2. There now are approximately 65 affected class members in the UAW action and approximately 175 affected class members in the USW action.

2. **The litigation.** Each class action was filed in the Eastern District of Michigan in 2011. In the intervening years, the two actions were separately litigated in the district court and the Court of Appeals. The UAW appeal began in the Sixth Circuit in 2015; the USW appeal began in the Sixth Circuit in 2016. The UAW action was also litigated before the Supreme Court in Case No. 17-908 and was remanded back to the Court of Appeals.

Each action addresses the duration of collectively-bargained retiree healthcare. Each was filed pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq.*, and the Labor-Management Relations Act (LMRA), 29 U.S.C. §186. The two actions have legal similarities and common counsel. There are common defendants in the two actions, all represented, *inter alia*, by defense counsel Gregory V. Mersol. The claims against Northrop Grumman Systems Corporation in the UAW action were previously dismissed. The plaintiffs in both actions are all represented, *inter alia*, by class counsel Stuart M. Israel.

Each action has been certified as a class action under Fed. R. Civ. P. 23(b)(1) and (b)(2). (UAW Action, R92, April 28, 2015; USW Action, R58, March 18,

2013).   The certified class members in both the USW and UAW actions are collectively referred to in this brief as the "class members."

Due to their similarities, the two class actions were joined for mediation on appeal, facilitated by Sixth Circuit Mediator Rod M. McFaull.   After detailed, rigorous, and lengthy negotiations, the parties reached comprehensive settlement, embodied in their "Joint Stipulation of Settlement and Release" (the "**Agreement**"), signed for all parties in February 2020, attached as Exhibit 1.

**3.**   **The Agreement.**   The Agreement will finally resolve the parties' disagreements and preserve healthcare for class members.

**A.**   The settlement calls for retiree healthcare to be provided into the future by an independent ERISA-regulated Voluntary Employee Benefits Association ("**VEBA**") healthcare trust.   The Agreement calls for the new VEBA to be funded by the remaining defendants' payment of $30.2 million to the VEBA trust in periodic installments over a 10-year period.

The new VEBA is to be associated with an existing VEBA that has been providing healthcare to three other groups of formerly union-represented industrial retirees and their dependents.   Association with the existing VEBA is expected to provide the new VEBA with experience, efficiencies, and economies of scale.

**B.**   The VEBA trustees will be ERISA-regulated fiduciaries who will have the legal duty to act solely in the interest of VEBA participants with loyalty, care,

skill, prudence, and diligence and for the exclusive purposes of providing healthcare benefits to trust participants and beneficiaries and administering the VEBA to provide those benefits.

C.     It is expected that the new VEBA will provide comprehensive healthcare coverage supplementing Medicare coverage, and will include prescription drug coverage.  The precise coverage will be determined, and may be adjusted periodically, by the VEBA trustees.

The healthcare benefits will be tailored to each of the two covered groups—the USW group and the UAW group—with multiple factors to be considered by the trustees—such as funding, earnings on funding, the healthcare market, the retirees' and dependents' healthcare usage, and the mortality rates and life expectancies of those in each covered group.

The trustees will make benefits decisions consistent with their fiduciary duties with the objective of providing comprehensive healthcare throughout the lives of the covered retirees and their dependents.

D.     Nothing is allocated from the settlement amount for the parties' fees or costs or to reimburse the unions or to compensate the class representatives.  The class representatives serve without compensation.  The institutional parties will pay their own attorney fees and costs associated with the litigation in the district court and the Sixth Circuit and with the mediation and settlement proceedings.

4

**E.**     All parties believe that the settlement is fair and reasonable under Rule 23 standards and as assessed in light of Sixth Circuit authority and other caselaw governing collectively-bargained retiree healthcare.

**4.**     **Remand.**  Following settlement in the Sixth Circuit, the parties in each action moved for an indicative ruling under Rule 62.1(a)(3).  Judge Steeh in the UAW action and Judge Drain in the USW action issued indicative rulings and consolidated the two actions under E.D. Mich. 11-cv-14434 in Judge Steeh's court.

The Sixth Circuit remanded the two actions for Rule 23 proceedings, contemplating approval of the parties' Agreement and final resolution of this litigation.

**5.**     **Requested action.**  We ask the Court **(1)** for preliminary approval of the settlement pursuant to Rule 23(e); **(2)** for approval of the proposed notice, as modified and informed by this Court's direction regarding the preliminary approval proceedings, to be distributed to all class members, to the Attorney General of the United States, and to all state attorneys general entitled to notice under the Class Action Fairness Act (CAFA), 28 U.S.C. §1711, *et seq.*; **(3)** to set an objection deadline and a fairness hearing pursuant to Rule 23(e)(1), (2), and (5); and **(4)** to otherwise conduct Rule 23 proceedings necessary to final approval of the settlement.

**6.** **Consent and Rule 23(e)(3) statement.** All parties consent to the requested relief and all represent that the Agreement reflects all agreements between and among the parties "made in connection with the proposal."

## ARGUMENT

"The evaluation and approval of a class settlement is committed to the sound discretion of the district court." *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006). Approval involves four steps. **First**, the court must preliminarily approve the proposed settlement and notice. Rule 23(e). **Second**, class members must be given court-approved "notice in a reasonable manner." Rule 23(e)(1). **Third**, class members must be given an opportunity to object. Rule 23(e)(5). **Fourth**, the court must determine whether the proposed settlement is "fair, reasonable, and adequate." Rule 23(e)(1)-(2). See *Reed v. Rhodes*, 869 F.Supp. 1274, 1278 (N.D. Ohio 1994) and *Bronson v. Board of Education*, 604 F.Supp. 68, 71 (S.D. Ohio 1984).

In this motion, we ask the Court **(1)** to preliminarily approve the settlement; **(2)** to approve the proposed form and method of notice; **(3)** to set an objection deadline; and **(4)** to schedule a fairness hearing.

## I.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

### A.    The Legal Standards

**1.** District court assessment must consider "the federal policy favoring settlement of class actions." *UAW v. General Motors Corp.*, 497 F.3d 615, 632 (6th

Cir. 2007). See *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 530 (E.D. Mich. 2003) (citations omitted) ("there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources") and *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 305 (E.D. Mich. 1988), *aff'd sub nom Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("case law favors the voluntary settlement of class actions").

Fostering federal policy, assessment "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers*, 803 F.2d 878, 880, *reh. and reh. en banc den.* (6th Cir. 1986) (*per curiam*), *cert. den.* 480 U.S. 934 (1987), quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982).

Absent "fraud" or "collusion" and on evidence that the settlement "taken as a whole, is fair, reasonable and adequate," the court "does not second guess such a settlement." *Clark Equip.*, 803 F.2d at 880.

**2.** In assessing fairness, adequacy, and reasonableness of class action settlements, district courts may consider (bold added):

**(a)** the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; **(b)** the risks, expense,

and delay of further litigation; **(c)** the judgment of experienced counsel who have competently evaluated the strength of their proofs; **(d)** the amount of discovery completed and the character of the evidence uncovered; **(e)** whether the settlement is fair to the unnamed class members; **(f)** objections raised by class members; **(g)** whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and **(h)** whether the settlement is consistent with the public interest.

*Cardizem*, 218 F.R.D. at 522 (citations omitted); *IUE-CWA*, 238 F.R.D. at 594 (citations omitted); *General Motors*, 497 F.3d at 631 (listing similar factors).

Courts "may choose to consider only those factors that are relevant to the settlement and may weigh particular factors according to the demands of the case." *IUE-CWA*, 238 F.R.D. at 594-595.

**3.**     "It is neither required, nor is it possible for a court to determine that the settlement is the fairest possible resolution of the claims of every individual class member; rather, the settlement, *taken as a whole*, must be fair, adequate and reasonable." *Shy v. Navistar Intl. Corp.*, 1993 WL 1318607 at \*2 (S.D. Ohio 1993) (emphasis in original).

When "a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *In re Inter-Op Hip Prosthesis Liability Litigation*, 204 F.R.D. 330, 350-351 (N.D. Ohio 2001) (internal citations omitted).

**4.**     Preliminary approval requires "no more than an informal presentation of the parties' proposals to the Court." *Inter-Op Hip*, 204 F.R.D. at 337.  Preliminary approval "is based upon the court's familiarity with the issues and evidence, as well

as the arms-length nature of the negotiations prior to the proposed settlement, ensuring that the proposed settlement is not illegal or collusive." *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 370 (S.D. Ohio 1990). Preliminary approval may be based on information already known to the court, supplemented as necessary by briefs, motions, or informal presentations by the parties. *Manual for Complex Litigation* §21.632 (4th ed. 2004).

5.      "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *In re Telectronics Pacing Systems*, 137 F.Supp.2d 985, 1015-1016 (S.D. Ohio 2001), quoting *Manual for Complex Litigation* §30.44 (2d ed. 1985). Accord: *Inter-Op Hip*, 204 F.R.D. at 350.

### B.    The Standards Applied

Here, the parties' proposed settlement is "the product of serious, informed, non-collusive negotiations," is "fair, reasonable, and adequate," and warrants preliminary approval under the governing legal standards.

**First**, the settlement will resolve substantial disagreements between the parties.  It will do so in the context of complex and evolving law governing disagreements over collectively-bargained retiree healthcare addressing, to borrow from *Moore v. Menasha Corp.*, 690 F.3d 444, 450 (6th Cir. 2012), *cert. den.* 568 U.S. 1250 (2013) (citation omitted), whether an "employer that contractually obligates itself to provide vested healthcare benefits renders that promise 'forever unalterable.'"

Here, the Agreement will resolve the parties' disagreements, end the parties' expensive and prolonged litigation, and eliminate litigation risks for all.

The uncertainties and complexity characteristic of retiree healthcare class actions make these cases "particularly" appropriate for settlement.  *General Motors*, 497 F.3d at 632 observed: "What makes these settlements particularly sensible, moreover, is that, even if this merits question favored one party over the other, the retirees still would have had ample reason to control the resolution of this dispute through negotiation today rather than litigation tomorrow."

See also *IUE-CWA*, 238 F.R.D. at 596 ("Whatever the relative merits of the parties' positions, there is no such thing as risk-free, expense-free litigation.").

And see *OPEIU v. UAW*, 311 F.R.D. 447, 452-453, 456-457, and *passim* (E.D. Mich. 2015) (collecting cases on VEBA settlements). *OPEIU* approved a LMRDA/ERISA multi-union retiree class action settlement calling for the creation

10

of an employer-funded, ERISA-regulated VEBA to provide future retiree healthcare benefits, providing "inherent advantages" for the retiree class and eliminating the "significant legal and financial risk" to retirees of continued litigation.

**Second**, a reasonable and certain resolution now is preferable to continued litigation. *IUE-CWA* cited examples of prolonged retiree healthcare lawsuits and observed: "avoiding the delay necessary to litigate the dispute is in all parties' interest." 238 F.R.D. at 596-597. Here, the settlement will end the ongoing litigation expense and uncertainty that began in 2011.

**Third**, the settlement is even-handed. All class members, including the class representatives, are treated alike; no class representative or class member receives preferential treatment. In addition, the institutional parties are responsible for all their own attorneys' fees and costs. No part of the settlement amount will go toward the fees and costs or to reimburse the unions or to compensate the volunteer class representatives; the entire settlement amount will go to the VEBA. The settlement is, under Rule 23(e), "fair."

**Fourth**, the settlement is the product of intensive litigation and informed negotiation during which both sides vigorously pressed their interests and, ultimately, reached mutually-beneficial compromise.

The parties negotiated at arm's-length. They discussed all aspects of their disagreements and their ultimate agreement under the diligent auspices of Sixth

11

Circuit Mediator McFaull. In addition, the parties reached settlement while represented by experienced counsel, also a factor demonstrating fairness, reasonableness, and adequacy. See *IUE-CWA*, 238 F.R.D. at 598-599 (negotiation "process was entirely at arm's length, with each party representing and pursuing its own interests, and exercising independent judgment"; the "judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement'").

**<u>Fifth</u>**, while the parties pressed the legal and factual merits of their positions throughout this litigation in the district courts and on appeal, they closely monitored the evolving law governing collectively-bargained retiree healthcare, developing in the Supreme Court, in the Sixth Circuit, and in other circuits. They recognized that the legal landscape has become less favorable for retirees after *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015), which rejected principles that guided collectively bargained retiree healthcare litigation in the Sixth Circuit since *UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983), *cert. den.* 465 U.S. 1007 (1984). In addition, the Supreme Court reversed and remanded the Sixth Circuit's earlier judgment in favor of the retirees in the UAW action. *Kelsey-Hayes Co. v. UAW*, 138 S.Ct. 1166, 1167 (2018). The parties recognized, too, that post-*Tackett*, courts still enforce collectively-bargained promises of lifetime healthcare when warranted. See, *e.g.*, *Stone v. Signode Indus. Group, LLC*, 943 F.3d 381 (7th Cir. 2019), *reh. en banc*

12

*den* (2020).  The evolving state of the law kept the parties mindful of the mutual benefits of fair compromise.

During mediation, the parties exchanged proposals and counterproposals, and eventually agreed on a mutually-beneficial reasonable alternative to continued litigation.  The parties and their counsel believe their Agreement is "fair, reasonable, and adequate."  See *IUE-CWA*, 238 F.R.D. at 599 ("if the settlement agreement itself is fair, reasonable and adequate, then the court may assume that the negotiations were proper and free of collusion").

_____

These circumstances, we believe, satisfy the salient criteria and demonstrate that the settlement is likely to be approved as "fair, reasonable, and adequate." Accordingly, we ask that the Court **(1)** preliminarily approve the parties' settlement; **(2)** approve the proposed notice; **(3)** set a deadline for any Rule 23(e)(5) objections; and **(4)** set a Rule 23(e)(2) fairness hearing to consider final approval and resolution of this lawsuit.  See *In re Telectronics*, 137 F.Supp.2d at 1015-1016 ("If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations...and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members" setting a fairness hearing).

## II.    THE PROPOSED RULE 23(c)(2)(A) NOTICE

After preliminary determination that a proposed settlement is fair, reasonable, and adequate, a district court must "direct notice in a reasonable manner to all class members who would be bound by the proposal."  Rule 23(e)(1).

**A.**    District courts have "virtually complete discretion" in determining what constitutes reasonable notice.  *Franks v. Kroger Co.*, 649 F.2d 1216, 1222-1223 (6th Cir. 1981) (the district court's broad discretion is "well settled").

**B.**    The notice "should be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *General Motors*, 497 F.3d at 629, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

What "the notice must do is 'fairly apprise the...class of the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests."  *General Motors*, 497 F.3d at 630 (citations omitted).

**C.**    Here, the proposed notice describes the litigation, explains the Agreement, addresses the reasons why settlement is beneficial, notifies class members of their right to object and appear at the fairness hearing, and summarizes the Rule 23 process.  See Exhibit 2.  After Court approval, defendants will send the notice, as modified and informed by the Court's direction in these preliminary

14

approval proceedings, by first-class mail to each healthcare-eligible retiree and surviving spouse who is a class member.

In addition, defendants will provide the notice to the U.S. Attorney General and to the various state attorneys general in states in which class members reside as required by the CAFA, 28 U.S.C. §1711, *et seq*.

**D.**     The parties believe the proposed notice form, content, and distribution method comply with Rule 23.  See *UAW v. General Motors Corp.*, 2005 WL 5416766 (E.D. Mich.) (approving first-class mail notice).

We ask that the Court approve the notice, with authority afforded the parties to make necessary modifications to insert the objection deadline and the fairness hearing time and date and as otherwise necessary to reflect this Court's direction and ruling on this motion.

## III.   THE OBJECTION AND HEARING TIMETABLE

Rule 23(e)(5) requires that any class member who would be bound by the settlement be given an opportunity to object to the settlement.

To provide that opportunity, we ask that the Court set an objection deadline for a date certain 45 days before the fairness hearing, according to the procedures described in the notice, Exhibit 2.  Because of the 90-day notice period afforded attorneys general by CAFA, discussed next, this deadline will ensure that class members have 45 days or more to present objections, if any.

## IV. CONTEMPLATED PROCEEDINGS AFTER PRELIMINARY APPROVAL

If the Court preliminarily approves the settlement and notice, defendants plan to mail the notice to class members within 10 days of approval. In addition, defendants will provide the 90-day notice to the Attorney General of the United States and state attorneys general where class members reside, as required by CAFA, 28 U.S.C. §1711, *et seq*.

To accommodate this CAFA timetable, we ask that the Court set the fairness hearing for a date at least 100 days after preliminary approval of the settlement and approval of the notice.

In the period after the objection deadline, and before the fairness hearing, the parties will submit a proposed final order and judgment. Pursuant to the Agreement, subject to Court approval, the proposed final order and judgment will finally approve the settlement and the Agreement consistent with Rule 23 requirements based on the record and events during the period leading up to the fairness hearing. Final approval will end the litigation in the district court and will result in the end of the appeals in the Sixth Circuit.

## CONCLUSION

For the foregoing reasons, we ask the Court to **(1)** preliminarily approve the settlement (Ex. 1); **(2)** approve the proposed notice (Ex. 2); **(3)** set an objection deadline; and **(4)** schedule a Rule 23(e)(2) fairness hearing.

<u>s/Stuart M. Israel</u>
Stuart M. Israel (P15359)
John G. Adam (P37205)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
israel@legghioisrael.com
jga@legghioisrael.com

Class counsel and attorney for all
plaintiffs in both actions

William A. Wertheimer (P26275)
Law Office of William A. Wertheimer
2018 North Lakeshore Road
Carsonville, MI 48419
(248) 396-2125
billwertheimer@gmail.com

Class counsel and attorney for plaintiffs
in the UAW action

August 14, 2020

17

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

s/Stuart M. Israel
Stuart M. Israel