# EXHIBIT 1

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Settlement Agreement ("Agreement") is between all parties to the lawsuits titled **(1)** *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC; and Ronald Strait and Danny O. Stevens, for themselves and others similarly situated v. Kelsey-Hayes Company; TRW Automotive, Inc.; and TRW Automotive Holdings Corporation,* Case No. 4:11-cv-15497 (the "Jackson District Court"), which was filed in the United States District Court for the Eastern District of Michigan, Southern Division, and is currently on appeal before the United States Circuit Court of Appeals for the Sixth Circuit, Case No. 16-1240 (the "Jackson Appeal") (collectively the "Jackson Litigation"), as well as **(2)** *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW); James Ward, Marshall Hunt, and Richard Gordon v. Kelsey-Hayes Company, TRW Automotive Holdings Corp., and Northrup Grumman Systems Corporation,* Case No. 2:11-cv-14434, which was filed in the United States District Court for the Eastern District of Michigan, Southern Division (the "Detroit District Court"), and is currently on appeal before the United States Circuit Court of Appeals for the Sixth Circuit, Case No. 15-2285 (the "Detroit Appeal") (collectively the "Detroit Litigation").

The parties enter into this Agreement to set out the terms under which **(1)** the TRW Defendants will collectively make a series of payments as described in Paragraph 5 below to KH VEBA, a Voluntary Employees Beneficiary Association ("KH VEBA"), to provide health insurance benefits to certain retirees and their dependents, identified in the attached Exhibit A, in connection with the Jackson Litigation; **(2)** the TRW Defendants will collectively make a series of payments as described in Paragraph 6 below to KH VEBA, to provide health insurance benefits to certain retirees and their dependents, identified in the attached Exhibit B, in connection with the Detroit Litigation; **(3)** upon completion of the settlement, and in consideration of the payments made according to Paragraphs 5 and 6, Defendants shall have fully discharged any and all obligations to provide healthcare for Plaintiffs, which includes all members of the classes, as defined in Paragraphs 1(f) and 1(g) below and identified in the attached Exhibits A and B; and **(4)** the Jackson Litigation and Detroit Litigation will be fully and finally resolved.

## DEFINITIONS

1.      As used in this Agreement, the following terms will have the meanings set forth below.

    a      Jackson Plaintiffs. The "Jackson Plaintiffs" are all the plaintiffs and class members in the Jackson Litigation, which include: (1) plaintiffs and class representatives Ronald Strait (deceased) and Danny O. Stevens (the "Jackson Class Representatives"), on behalf of themselves and on behalf of the Jackson Litigation class described below; and (2) the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW").

    b      Detroit Plaintiffs. The "Detroit Plaintiffs" are all the plaintiffs and class members in the Detroit Litigation who retired from the union-represented collective bargaining unit at the now-closed Kelsey-Hayes Detroit, Michigan

1

manufacturing plant between February 2, 1998 and April 16, 2001, as well as the International Union, United Automobile, Aerospace, And Agricultural Implement Workers of America ("UAW"). However, the Detroit Plaintiffs governed by this Agreement do not include those in the Detroit Litigation who retired after April 16, 2001 and are covered by the arbitration award in *Kelsey Hayes Co. and UAW*, American Arbitration Association no. 54-300-00540-12 (Arbitrator Paul E. Glendon, January 18, 2013) (Detroit Litigation Docket 86-10). The rights and obligations addressed in that arbitration award (the "Glendon Arbitration Award") are not affected by this Agreement. The terms "Detroit Plaintiffs" and "Detroit Class" as used in this Agreement exclude those covered by the arbitration award.

     c.     <u>Plaintiffs.</u> The Jackson Plaintiffs and Detroit Plaintiffs are jointly referred to as the "Plaintiffs."

     d.     <u>Defendants.</u> The "Defendants" are all the named defendant entities in the Jackson Litigation and Detroit Litigation, which include Kelsey-Hayes Company, TRW Automotive Holdings Corporation, Northrop Grumman Systems Corporation, and TRW Automotive, Inc. These parties are jointly referred to as "Defendants."

     e.     <u>TRW</u> Defendants. The "TRW Defendants" are Kelsey-Hayes Company, TRW Automatic Holdings Corporation, and TRW Automatic, Inc.

     f.     <u>Released Parties</u>. "Released Parties" shall mean Defendants, Northrop Grumman Corporation and all of their former, current, and respective officers, directors, agents, employees, as well as their parents (including but not limited to ZF Friedrichshafen AG, ZF Group, and ZF North America, Inc.), predecessors, successors, subsidiaries, and related and affiliated entities, including each of their respective former and current officers, directors, agents, and employees.

     g.     <u>The Jackson Class</u>. The "Jackson Class" consists of the individuals identified in the attached Exhibit A, and includes all persons who retired or terminated from the union-represented collective bargaining unit at the Kelsey-Hayes plant in Jackson, Michigan under the 1995, 1999, and 2003 collective bargaining agreements and the retirees' and terminating employees' surviving spouses and other dependents eligible for company-paid retirement healthcare, including all (1) pension-eligible retired employees; (2) pension-ineligible employees "terminating at age 65 or older" not discharged "for cause"; (3) the surviving spouses of the retired and "terminating" employees; and (4) the "eligible dependents" of the retirees, "terminating" employees, and surviving spouses.

     h.     <u>The Detroit Class</u>. The "Detroit Class" consists of the individuals identified in the attached Exhibit B, and includes all persons who retired or terminated from the union-represented collective bargaining unit at the now-closed Kelsey-Hayes Detroit, Michigan manufacturing plant between February 2, 1998 and April 16, 2001, and the retirees' and terminating employees' surviving spouses and other dependents eligible for company-paid retirement healthcare, including all (1) pension-eligible retired employees; (2) pension-ineligible employees

2

"terminating at age 65 or older" not discharged "for cause"; (3) the surviving spouses of the retired and "terminating" employees; and (4) the "eligible dependents" of the retirees, "terminating" employees, and surviving spouses.

      i.      <u>VEBA</u>. The term "KH VEBA" refers to KH VEBA. The parties acknowledge that the KH VEBA was intended to qualify as exempt from federal income taxation under Section 501(c)(9) of the Internal Revenue Code and was determined by the Internal Revenue Service to so qualify in form.

      j.      <u>Class Counsel</u>. "Class Counsel" are Stuart M. Israel of Legghio & Israel, P.C. in the Detroit Litigation and the Jackson Litigation and William Wertheimer in the Detroit Litigation.

      k.      <u>ERISA</u>. The term "ERISA" refers to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1001 <u>et</u> <u>seq</u>.

      l.      <u>LMRA</u>. The term "LMRA" refers to the Labor Management Relations Act, 29 U.S.C. Section 185, as amended.

      m.      <u>Settlement Amount</u>. The term "Settlement Amount" refers to payment schedules as described in Paragraphs 5 and 6 below.

      n.      <u>Effective Date</u>. The term "Effective Date" means the first day after the first date on which all of the following have occurred: (**1**) all Parties, Plaintiffs' counsel, and Defendants' counsel, have executed this Agreement; (**2**) the District Court has preliminarily approved this Agreement; (**3**) reasonable notice has been given to Plaintiffs, pursuant to Fed. R. Civ. P. 23 and as directed by the District Courts, including providing class members an opportunity to object to the Settlement; (**4**) the District Courts have held a Final Approval Hearing, entered a Final Order approving the Agreement (the "Final Approval Order"); and, (**5**) if there are written objections filed before the Final Approval Hearing and those objections are not withdrawn or overruled, the last of the following events to occur:

      First, if no appeal of the Final Approval Order is filed by a timely objector, then the date on which objector's time to appeal the Final Approval Order has expired with no appeal;

      Second, if an appeal of the Final Approval Order is filed by a timely objector, then after the Final Approval Order is affirmed by the appellate court, the date on which all applicable deadlines for filing any motions for rehearing or further appeal have expired without any such motion or further notice of appeal having been filed or any such motion for further appeal has been resolved with no possibility of subsequent appeal;

      Finally, if no objector timely objects, the Effective Date will be the date that is 10 days after entry of the Final Approval Order provided that date is not a Saturday, Sunday or federal holiday, in which event the Effective Date will be the next business day.

3

o. KH VEBA. The term "KH VEBA" refers to the Trust, which is expected to have its fund administration office at 60 Blvd. of the Allies—5th Floor, Pittsburgh, PA.

p. <u>District Court</u>. The term "District Court" refers, as appropriate, to each U.S. District Court, one presiding over the Jackson Litigation and the other over the Detroit Litigation or, as may later be appropriate, the single District Court that may assume responsibility for both the Jackson Litigation and the Detroit Litigation. Counsel for all parties to this Agreement plan to suggest that the two lawsuits be consolidated for purposes of addressing the parties' settlement and Rule 23 compliance, to serve economy and efficiency, as addressed in paragraph 10. Any such consolidation will be subject to the approval requirements of the two U.S. District Judges currently presiding, one over the Jackson Litigation, the other over the Detroit Litigation.

## **RECITALS**

2. **The Claims and the Disputes.** In the Jackson Litigation and Detroit Litigation, Plaintiffs claim that Defendants (or some of them) wrongfully and unilaterally reduced or cancelled vested health insurance benefits, and have asserted the right to do so, contrary to collectively-bargained promises of health insurance benefits for the Jackson Litigation Class and the Detroit Litigation Class. Defendants deny any liability and wrongdoing, dispute that there were promises of lifetime health benefits, dispute that any health benefits are vested, and assert the legal right to reduce and/or cancel health benefits for the Jackson Litigation Class and the Detroit Litigation Class.

3. **Settlement.** The Detroit Litigation and the Jackson Litigation have been ongoing for about eight years. The parties extensively investigated and evaluated the disputed issues, assessed one another's positions and viewpoints, recognized that each side has advanced substantial arguments in support of that side's position, and recognized that the resolution of the disputed issues through continued litigation would entail prolonged hardship to the Detroit and Jackson Class Members, accompanied by a risk that one side or the other could suffer an adverse result. Accordingly, the parties engaged in dozens of negotiation sessions with the assistance of the Sixth Circuit Office of Circuit Mediators, reached mutually acceptable compromise, and agreed to settle the Jackson and Detroit Litigation to end the uncertainties and risks of continued litigation and to achieve a final resolution of the Jackson and Detroit Litigation which provides for continued health benefits for Detroit and Jackson Class Members, as detailed in this Agreement.

## **SETTLEMENT PAYMENTS**

4. **Total Settlement Amount.** The total settlement amount is $30,200,000, which will be paid in accordance with Paragraphs 5 and 6 below. From the initial payment only described in paragraphs 5 and 6 below, TRW will deduct a total amount equal to the reasonable fees and expenses of Schwarzwald McNair & Fusco LLP (not to exceed $15,000 without approval of the parties) for services in connection with the establishment of the KH VEBA. The amount will be deducted on a

prorated basis with 74% being deducted to from payment number 1 in paragraph 5, and 26% being deducted from payment number 1 in paragraph 6. Defendant will then pay the amounts so deducted to Schwarzwald McNair & Fusco LLP upon receipt of the final amount and completed Form W-9. In no event will this amount increase the amount to be paid by the TRW Defendants, nor will it be deemed any evidence of any attorney-client relationship between the TRW Defendants and the law firm of Schwarzwald McNair & Fusco LLP.

5.       **Settlement Payments For Jackson Class Members.** The TRW Defendants will make contributions to the KH VEBA totaling $22,200,000, in accordance with the following schedule, with the first payment to be made within 30 days of the Effective Date, pursuant to the consolidation and settlement approval process discussed in Paragraph 10 below, and each later payment made on the first business day following the anniversary of the first payment year each after that, for nine years after the first payment, on the following schedule (with the first payment less the amount deducted as described in paragraph 4 above):

| Payment Number | Payment Amount |
|:---:|:---:|
| 1 | $6,000,000 |
| 2 | $1,800,000 |
| 3 | $1,800,000 |
| 4 | $1,800,000 |
| 5 | $1,800,000 |
| 6 | $1,800,000 |
| 7 | $1,800,000 |
| 8 | $1,800,000 |
| 9 | $1,800,000 |
| 10 | $1,800,000 |

6.       **Settlement Payments For Detroit Class Members.** The TRW Defendants will make contributions to the KH VEBA totaling $8,000,000, in accordance with the following schedule, with the first payment to be made within 30 days of the Effective Date, pursuant to the consolidation and settlement approval process discussed in Paragraph 10 below, and each later payment made on the first business day following the anniversary of the first payment each year after that, for nine years after the first payment, on the following schedule (with the first payment less the amount deducted as described in paragraph 4 above):

| Payment Number | Payment Amount |
|:---:|:---:|
| 1 | $2,150,000 |
| 2 | $650,000 |
| 3 | $650,000 |
| 4 | $650,000 |
| 5 | $650,000 |
| 6 | $650,000 |
| 7 | $650,000 |
| 8 | $650,000 |
| 9 | $650,000 |
| 10 | $650,000 |

Final Draft 1-21-20

7. **Defendants' Limited Role.** Defendants' responsibilities with regard to the KH VEBA are limited to the TRW Defendants' payment of the Settlement Amounts specified in Paragraphs 4, 5 and 6. Defendants are not and will not become, by virtue of this Agreement, KH VEBA sponsors, fiduciaries, trustees, or administrators, and shall have no obligations or authority or responsibilities (beyond the payment of the Settlement Amounts) for (1) funding the KH VEBA, (2) paying for ongoing administrative costs of the KH VEBA, (3) managing KH VEBA assets or operations, (4) otherwise conducting KH VEBA business, or (5) monitoring or overseeing the KH VEBA's discharge of its responsibilities. Northrup Grumman Systems Corporation shall have no obligation whatsoever under the Agreement to any of the Plaintiffs.

8. **Preservation of Status Quo Pending First Payment.** The TRW Defendants shall continue providing their current healthcare offerings to Plaintiffs until the date on which the KH VEBA implements healthcare for Plaintiffs to replace the healthcare currently supplied by the TRW Defendants. It is anticipated that the KH VEBA will implement the healthcare the first day of the month sixty days after the KH VEBA's receipt of the first payments set forth in Paragraphs 5 and 6 (*e.g.*, payments made June 15, 2020, implement on September 1, 2020).

## RELEASE OF CLAIMS

9. **Released Claims.** Plaintiffs will release the Released Parties from all claims that were asserted or could have been asserted in the Jackson and Detroit Litigation, including any and all claims under ERISA and the LMRA and any claim for legal or injunctive relief or attorney's fees. This release specifically includes, but is not limited to, any claims for health, prescription or medical coverage; health, prescription or medical insurance; and/or payment or reimbursement of expenses for health, medical or pharmaceutical expenses of any kind. It also specifically includes, but is not limited to, any and all rights or claims addressed in, ordered, or flowing from any decision, opinion, or order entered in either the Jackson Litigation or the Detroit Litigation. In addition, Plaintiffs acknowledge that upon completion of the settlement, and in consideration of the payments made according to Paragraphs 5 and 6, by the TRW Defendants shall have fully discharged any and all obligations to provide health insurance benefits for members of the Jackson Class and Detroit Class or that were sought in the Jackson Litigation and/or the Detroit Litigation. This Agreement does not release any rights or obligations addressed in the Glendon Arbitration Award.  The release also is not intended to release plaintiffs' health insurers from individual coverage disputes regarding claims for benefits under the applicable plans or policies for medical goods or services received.

## REMAND AND DISMISSAL OF THE LITIGATION

10. **Approval Process.** Upon the signing of the Agreement by all Parties and their counsel, the TRW Defendants will move the Sixth Circuit Court of Appeals for an indicative ruling provisionally remanding the Jackson Appeal and the Detroit Appeal for settlement purposes, with the express understanding that if settlement is ultimately unsuccessful, the TRW Defendants will move to reinstate the Jackson Appeal and the Detroit Appeal and that the Sixth Circuit can and will properly consider the same. Once the Jackson and Detroit Appeals are remanded, the Parties will jointly move to consolidate the cases before the Detroit District Court for settlement purposes only pursuant to FRCP 23(b)(2) and 23(e), with the express understanding that if settlement is ultimately unsuccessful, the Detroit District Court and Jackson District Court will each retain jurisdiction to consider the substantive issues of the respective cases if necessary. If the cases are

Final Draft 1-21-20

successfully consolidated, the Parties will move the District Court for entry of an order, proposed and attached to the Parties' anticipated Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to class members, and entering judgment and an order dismissing the Jackson and Detroit Litigation with prejudice. The Parties will advise the Court to enter the order no sooner than 100 days after the filing of the Parties' Joint Motion for Approval of Settlement in accordance with 28 U.S.C. § 1715(d). The Parties will participate in the Court hearing specified in the approved notice and will ask that the Court (1) find that the settlement is fair, reasonable, and adequate and in compliance with FRCP Rule 23 and other legal requirements and (2) enter judgment reflecting these findings and approving the settlement. The parties will also seek, as part of Court approval under Rule 23, the District Court's retention of jurisdiction to resolve any disputes that may arise under the Settlement Agreement, the judgment, or any other Court orders.

11. **Approval Process if Consolidation Request Is Denied.** In the event the request for consolidation set forth in Paragraph 10 is denied, the Parties agree that they will endeavor to settle the Jackson Litigation with the Jackson District Court and to settle the Detroit Litigation with the Detroit District Court under the substantive terms set forth in this Agreement. The Parties also agree to work in good faith to enter into separate Agreements with respect to the Detroit Litigation and Jackson Litigation if necessary for settlement purposes.

12. **Dismissal With Prejudice.** Upon entry of the Detroit District Court's Final Approval Order, subject to paragraph 10, the Jackson and Detroit Litigation shall be dismissed with prejudice and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

13. **Administration and Expenses of the Rule 23 Process**. The TRW Defendants will retain a third-party settlement administrator (the "Settlement Administrator") at the TRW Defendants' expense for purposes of administering the Settlement and mailing the District Court-approved Notice to Plaintiffs.

14. **Contact Information for Class Members.** Within 10 business days after the District Court grants preliminary approval of the Settlement, the TRW Defendants will provide to the Settlement Administrator the names and last known addresses of the Plaintiffs, according to records maintained by the TRW Defendants. The TRW Defendants will inform Plaintiffs' counsel if this information differs from the information set forth in Exhibits A and B to the Settlement.

15. **Distribution of Notice and Consent and Release Forms.** The Settlement Administrator will distribute the Notice to Plaintiffs via First-Class Mail within 14 days after the District Court grants preliminary approval of the Settlement. If any Notices are returned as undeliverable, the Settlement Administrator will make reasonable efforts to locate the Class Members and re-send the Notices.

16. **CAFA Notices.** Defendants, via the Settlement Administrator, will submit the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, to the applicable state and federal officials within 10 days of the filing of the Joint Motion for Approval of Settlement.

## PARTIES' AUTHORITY

17.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

18.     The parties recognize that unanticipated issues may arise in the Rule 23 approval process and the implementation of the settlement terms. The parties will endeavor to resolve any such issues in expeditious, cooperative, efficient, and mutually-beneficial ways and will, as may be beneficial, work with the Sixth Circuit Office of Mediators to do so.  Similarly, should, through inadvertence, one or more names be unintentionally included or omitted from the attached Exhibits A and B referred to in Paragraph 1(g) and (h) of this Agreement, the parties agree to confer in good faith as described in this Paragraph 18.

## NO PRIOR ASSIGNMENTS

19.     The parties and Class Counsel represent, covenant and warrant that they have not, directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

20.     Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability. Each party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

21.     The parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party participated in the drafting of this Settlement.

## RELEASE OF BOND

22.     All bonds required or issued in the Litigation will be immediately released. The parties will work together to obtain a Court order to the effect of:

> "It is hereby ordered that Bond No. CGB8798437 issued by the Fidelity and Deposit Company of Maryland as surety is hereby fully and unconditionally discharged and released and that the aforesaid surety is hereby released from any and all obligations and liabilities under said bond."

8

## MODIFICATION

23.     This Agreement may not be changed, altered, or modified, except in writing, signed by counsel for the parties, and approved by the District Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the parties. Notwithstanding the foregoing sentences, without further order of the District Court, the parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

24.     This Settlement contains the entire agreement between the parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a party or such party's legal counsel, relating specifically to the resolution of the Jackson and Detroit Litigation, are merged in this Settlement. No rights under this Agreement may be waived except in writing signed by the parties.

## BINDING ON ASSIGNS

25.     This Settlement shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

26.     This Agreement may be executed in counterparts, and may be signed electronically via PDF.  When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## JURISDICTION

27.     The parties will request that the District Court expressly retains jurisdiction to enforce the terms of the Agreement, including the Notice administration.

## CLASS SIGNATORIES

28.     Representative plaintiffs execute this Agreement on behalf of themselves and in their representative capacity on behalf of the Detroit and Jackson Class Members. Once court-approved, this Agreement shall have the same force and effect as if each Class Member executed this Agreement.

KELSEY-HAYES COMPANY


By _____


Dated: _____

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____


UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____

Dated: _____


_____
Danny O. Stevens, Jackson Class Representative


UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _____


_____
Richard Gordon, Detroit Class Representative


APPROVED AS TO FORM AND CONTENT

Class Counsel


_____        Dated: _____
Stuart M. Israel



_____        Dated: _____
William Wertheimer

4835-6836-4720.3

## MODIFICATION

23.     This Agreement may not be changed, altered, or modified, except in writing, signed by counsel for the parties, and approved by the District Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the parties. Notwithstanding the foregoing sentences, without further order of the District Court, the parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

24.     This Settlement contains the entire agreement between the parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a party or such party's legal counsel, relating specifically to the resolution of the Jackson and Detroit Litigation, are merged in this Settlement. No rights under this Agreement may be waived except in writing signed by the parties.

## BINDING ON ASSIGNS

25.     This Settlement shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

26.     This Agreement may be executed in counterparts, and may be signed electronically via PDF.  When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## JURISDICTION

27.     The parties will request that the District Court expressly retains jurisdiction to enforce the terms of the Agreement, including the Notice administration.

## CLASS SIGNATORIES

28.     Representative plaintiffs execute this Agreement on behalf of themselves and in their representative capacity on behalf of the Detroit and Jackson Class Members. Once court-approved, this Agreement shall have the same force and effect as if each Class Member executed this Agreement.

KELSEY-HAYES COMPANY

By _____

Dated: __2/13/20_____

9

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _2/13/20_____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____

Dated: _____

_____
Danny O. Stevens, Jackson Class Representative

UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _____

_____
Richard Gordon, Detroit Class Representative

APPROVED AS TO FORM AND CONTENT

Class Counsel

_____        Dated: _____
Stuart M. Israel

_____        Dated: _____
William Wertheimer

4835-6836-4720.3

10

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____    David R. Jury, General Counsel

Dated:   02/05/2020

_____
Danny O. Stevens, Jackson Class Representative

UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _____

_____
Richard Gordon, Detroit Class Representative

APPROVED AS TO FORM AND CONTENT

Class Counsel

_____          Dated: _____
Stuart M. Israel

_____          Dated: _____
William Wertheimer

4835-6836-4720.3

10

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By *Danny O. Stevens*

Dated: *Jan 30, 2020*

_____
Danny O. Stevens, Jackson Class Representative

UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _____

_____
Richard Gordon, Detroit Class Representative

APPROVED AS TO FORM AND CONTENT

Class Counsel

_____        Dated: _____
Stuart M. Israel

_____        Dated: _____
William Wertheimer

4835-6836-4720.3

10

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____

Dated: _____


_____
Danny O. Stevens, Jackson Class Representative


UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: ___2-6-20_____


_____
Richard Gordon, Detroit Class Representative


APPROVED AS TO FORM AND CONTENT

Class Counsel


_____     Dated: _____
Stuart M. Israel


_____     Dated: _____
William Wertheimer

4835-6836-4720.3

10

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____

Dated: _____


_____
Danny O. Stevens, Jackson Class Representative


UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _2 - 4 - 2020_

_Richard Gordon_
Richard Gordon, Detroit Class Representative


APPROVED AS TO FORM AND CONTENT

Class Counsel


_____     Dated: _____
Stuart M. Israel


_____     Dated: _____
William Wertheimer

4835-6836-4720.3

10

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____

Dated: _____


_____
Danny O. Stevens, Jackson Class Representative


UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _____


_____
Richard Gordon, Detroit Class Representative

APPROVED AS TO FORM AND CONTENT

Class Counsel

_____    Dated: 2/7/2020 _____
Stuart M. Israel


_____    Dated: _____
William Wertheimer

4835-6836-4720.3

Final Draft 1-21-20

TRW AUTOMOTIVE INC.

By _____

Dated: _____

UNITED STEEL, PAPER AND FORESTRY RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIES
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC

By _____

Dated: _____

_____
Danny O. Stevens, Jackson Class Representative

UNITED AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW)

By _____

Dated: _____

_____
Richard Gordon, Detroit Class Representative

APPROVED AS TO FORM AND CONTENT

Class Counsel

_____
Stuart M. Israel

Dated: _____

_____
William Wertheimer

Dated: 2/6/20

4835-6836-4720.3

10

Final Draft 1-21-20

# EXHIBIT A

## EXHIBIT A TO SETTLEMENT AGREEMENT

| Last Name | First Name |
| --- | --- |
| Alley | Harry |
| Atkeson | Richard |
| Austin | Robert |
| Baker | Phillip |
| Baldwin | Donald |
| Ballard | Ernest |
| Barnhart | Mary |
| Bates | Robert |
| Beasley | Sally |
| Beebe | John |
| Beeler | Barbara |
| Benn | Diana |
| Benn | Linda |
| Bettendorf | Joyce |
| Bibler | Charles |
| Bigelow | Dealia |
| Bowser | David |
| Briggs | Linda |
| Britton | Phyllis |
| Brooks | Danny |
| Brooks | John |
| Brown | Victor |
| Brunk | Robert |
| BURKE | DELORES |
| Burton | Helen |
| Calbert | Robert |
| Calhoun | Elwood |
| Campbell | Ronald |
| Clay | Charles |
| Comperchio | Andrew |
| Coriell | Sherilyn |
| Cornell | Gerald |
| Crouch | Heartsell |
| Curry | Betty |
| Curry | Daniel |
| Czubko | Leo |
| Delamater | Edward |
| Dziobak | Benjamin |
| Eicher | Alan |
| Essex | Ronald |
| Farmer | Sherman |
| Felkey | Jimmy |
| Fish | Janice |
| Fowlkes | Judy |
| Fullerton | James |
| Gier | David |
| Gillman | Sandra |
| Goll | David |
| Good | Gary |
| Gould | John |
| Green | Sharon |
| Guinn | Ernestine |

| | |
|---|---|
| Hagerman | Max |
| Haines | Robert |
| Haire | Richard |
| Haney | John |
| Haney | Kenneth |
| Harrell | Joseph |
| Harris | Donald |
| Hayes | Kathy |
| Hays | Loretta |
| Heckaman | Delman |
| Herr | August |
| Hirsch | Frederick |
| Holmes | Reginald |
| Hubbard | Laurence |
| Hutchins | Delores |
| Jacobs | Janice |
| Jeffery | Diane |
| Jeppesen | Vern |
| Jimenez | Alfonso |
| Jodis | Jan |
| Johnson | Rodney |
| Jones | Lyle |
| Jones | Raymond |
| Kingsley | Gale |
| Kirwen | Marjorie |
| Kisner | Stephen |
| Klavon | Harry |
| Kloack | Thomas |
| Knauff | Jerry |
| Konopka | Vincenta |
| Kurzynowski | Dianne |
| Laimon | Robert |
| Largen | Richard |
| LHuillier | James |
| Lyons | Sinead |
| Marks | Richard |
| Marshall | John |
| Marshall | Steven |
| Massey | Betty |
| McCann | Duane |
| McCrumb | Roy |
| McGhee | Rozetta |
| McKaney | Clyde |
| Midyett | Juanita |
| Miner | Violet |
| Mitchell | John |
| Mitchell | Robert |
| Moeckel | Karen |
| Moffitt | David |
| Mooney | Daniel |
| Morano | Frank |
| Mosher | Michael |
| Moss | Ethel |
| Newell | James |
| Oliver | Wilmotine |

| | |
|---|---|
| Oliver | Marie |
| Pack | Lawrence |
| Parks | Donald |
| Parks | Lavern |
| Peplinski | Ralph |
| Pickell | Barton |
| Pier | Henry |
| Piper | Richard |
| Polewka | William |
| Pond | Charles |
| Rand | Paul |
| Rapert | Clifford |
| Rice | Leo |
| Rigelman | Rhonda |
| Risner | Callie |
| Roberts | Donna |
| Robinson | Ardel |
| Rose | Sharon |
| Rowdon | John |
| Rowley | David |
| Russell | Donald |
| Ryon | Roger |
| Sackman | Marshall |
| Sayers | Nancy |
| Schempf | William |
| Schuster | Richard |
| Sharp | Dennis |
| Sheely | Carol |
| Slaby | Walter |
| Southworth | Richard |
| Stack | Gregory |
| Stanaszek | Frank |
| Stevens | Danny |
| Stewart | Ray |
| Storms | Janet |
| Strait | Edna |
| Strouss | Brenda |
| Swager | James |
| Swartz | Ronald |
| Tase | James |
| Taylor | Barbara |
| Taylor | Gerald |
| Throop | Robert |
| Trumble | Doris |
| Turner | Linda |
| Verlaque Lyons | Tammy |
| Walton | Elizabeth |
| Ward | James |
| Way | Daniel |
| Weaver | Michael |
| Webb | Philip |
| Wellman | Glen |
| West | Gordon |
| West | Ernest |
| Wetherby | Charles |

| | |
|---|---|
| Whitaker | Carl |
| Williams | Bruce |
| Willis | Lenny |
| Wolfe | Edward |
| Wysocki | Michael |
| Yensch | Glenn |
| Zimmerman | Ronald |
| | |

# EXHIBIT B

## EXHIBIT B TO  SETTLEMENT AGREEMENT

| Last Name | First Name |
|-----------|------------|
| ANDERSON | CHARLES |
| BAKER | WILLIAM |
| BELTON | JOHNNY |
| BOYCE | JOHN |
| BUSHEY | KEITH |
| CARTER | ROOSEVELT |
| CARTER | ANNATTI |
| COCHRANE | RENEE |
| COLLINS | ROSALYN |
| COOK | DONALD |
| COOPER | CAROLYN |
| CRAIG | LARRY |
| CRAIN | GENE |
| CRETENS | GAIL |
| CWIKLA | JAMES |
| DARNELL | TERRY |
| DENT | BENNIE |
| DENT | PAUL |
| DRIVER | RICHARD |
| DUNN | DONALD |
| FRANCIS | GARRY |
| FURMAN | LARRY |
| GORDON | RICHARD |
| GRENIER | NOBLE |
| HALL | LARRY |
| HANEY | BERNICE |
| HURST | WILLIE |
| KELLY | MILDRED |
| KNAPP | ALBERT |
| KUCHARSKI | WILLIAM |
| KULHANEK | RONALD |
| LALOWSKI | CAROL |
| LITTLE | FILLIS |
| LITTLETON | CHARLES |
| LOMAS | JAMES |
| LOVELL | GEORGE |
| LUNDY | ROBERT |
| MCFARLAND | RONALD |
| MEANS | ROBERT |
| MERTA | RICHARD |
| MILLER | ELAINE |
| MILLS | WILLIE |
| MORSE | CORA |
| NEAL | TAMMY |

| | |
|---|---|
| PARTIN | WALTER |
| PRINCE | LEROY |
| PROVOLT | NANCY |
| PRZYTULA | ANDREW |
| ROBERTS | STEVEN |
| RODGERS | JOHN |
| SHACKLEFORD | DEBORAH |
| SHOMSKY | RICHARD |
| SHREVE | MARSHA |
| SMITH | GARY |
| STOCKLINGSKY | BERNARD |
| STROUD | ROBERT |
| TUBBS | TONIE |
| TURBIAK | JAMES |
| TURNER | JAMES |
| WEBB | GARY |
| WHITE | JAMES |
| WILLIAMS | WALTER |
| WOODALL | DWIGHT |
| ZAJECHOWSKI | JEROME |