UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); JAMES WARD,
MARSHALL HUNT, and RICHARD GORDON, for
themselves and others similarly-situated,

    Plaintiffs,

v.

KELSEY-HAYES COMPANY, *et al.*,

    Defendants.

and

UNITED STEEL, PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC; RONALD STRAIT; and DANNY O.
STEVENS, for themselves and others similarly-situated,

    Plaintiffs,

v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE,
INC.; and TRW AUTOMOTIVE HOLDINGS CORP.,

    Defendants.

_____/

Case No. 11-cv-14434
(consolidated with
case no. 11-cv-15497)

Class Actions

U.S. District Judge
George Caram Steeh

**PLAINTIFFS' RESPONSE TO OBJECTIONS**

**TABLE OF CONTENTS**

SUMMARY OF PERTINENT FACTS ................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    USW RETIREE LAIMON'S OBJECTION ........................................... 2

    II.    THE THREE UAW RETIREES' OBJECTIONS ................................. 3

    III.    THE RETIREES' BEST ALTERNATIVE ........................................... 6

CONCLUSION ........................................................................................................ 7

i

### SUMMARY OF PERTINENT FACTS

The Court preliminarily approved the proposed $30.2 million settlement, directed that the Rule 23(e)(1) notice be mailed to class members, and set the fairness hearing for December 9. (ECF No. 123).

The notice set October 19 as the postmark deadline for written objections. Four class members made objections. They are identified in the following list by name, location, postmark date, and union affiliation.

1. **Robert Laimon**, Grass Lake, MI, October 6, USW.

2. **Gary Francis**, Willis, MI, October 14, UAW.

3. **Albert Knapp**, Wayne, MI, October 15, UAW.

4. **Andrew Przytula**, Wyandotte, MI, October 15, UAW.

The objections are collected in Exhibits 1-4.

Class counsel Stuart M. Israel invited each objector to contact him to discuss why all on plaintiffs' side—USW, UAW, the class representatives, and counsel—believe the proposed settlement is in the interests of class members and the best alternative available for resolving the litigation. None of the objectors contacted class counsel. Class counsel's letters also are collected in Exhibits 1-4.

## ARGUMENT

Ahead, we show that fully considering the objections, the settlement nevertheless is fair and reasonable under Rule 23(e)(2) and is beneficial and the retirees' best alternative for resolving this litigation.

### I. USW RETIREE LAIMON'S OBJECTION

Mr. Laimon writes: "It was in our contract that we were supposedly vested for lifetime healthcare." He writes that the USW retirees "shouldn't have to keep fighting this over and over."

Mr. Laimon identifies *plaintiffs' side* of the core legal dispute in this litigation since it began in 2011. The USW retirees contended that the contracts promise lifetime retirement healthcare. Kelsey-Hayes, *on the other side*, contended that the contracts do not promise lifetime retirement healthcare and that the companies are entitled to unilaterally modify or terminate retirement healthcare.

The USW retirees prevailed throughout this litigation, even after *M&G Polymers v. Tackett*, 547 U.S. 427 (2015) ended the retiree-favorable "*Yard-Man* inference" that had been applied since 1983. See ECF No. 107-108. But things changed in 2018. While Judge Drain's second retiree-favorable decision in the USW action was pending Kelsey-Hayes' appeal in the Sixth Circuit, the Supreme Court summarily vacated the Sixth Circuit's retiree-favorable decision in the parallel UAW action against Kelsey-Hayes. The Supreme Court remanded the

2

UAW action to the Sixth Circuit for further proceedings consistent with *CNH Industrial N.V. v. Reese*, 138 S.Ct. 761 (2018), another healthcare decision adverse to retirees. *UAW v. Kelsey-Hayes Co.*, 854 F.3d 862 (6th Cir. 2017), *reh. en banc den.*, 872 F.3d 388, *vacated and remanded* 138 S.Ct. 1166 (2018).

At the Sixth Circuit, the USW action and the UAW action were consolidated for the mediation which led to the $30.2 million settlement now before this Court.

As addressed in class counsel's letter to Mr. Laimon, the Supreme Court decisions in *Reese* and the UAW action, and later Sixth Circuit decisions adverse to retirees, changed the legal landscape, making it hostile to retirees' ERISA/LMRA claims for collectively-bargained healthcare. In this new legal landscape, class counsel wrote to Mr. Laimon, there is no "business as usual" option in the USW action. The choice is *either* **(1)** the certainty of the beneficial $30.2 million settlement *or* **(2)** continued litigation, with the substantial risk that the retirees would end up with nothing.

In these circumstances, as all parties believe, the settlement is fair and reasonable and the USW retirees' best alternative.

## II. THE THREE UAW RETIREES' OBJECTIONS

The three UAW retirees—Mr. Francis, Mr. Knapp, and Mr. Przytula—share the misunderstanding that the UAW retirees affected by the settlement—those who retired under the 1998 collective bargaining agreement ("CBA") (**the pre-closing**

3

**retirees)**—must be governed by earlier adjudications affecting those who retired under the 2001 plant closing agreement (**the post-closing retirees**) and those who retired under pre-1998 CBAs (**pre-1998 retirees**).

But the **pre-closing retirees** are not affected by the earlier adjudications. Only the **post-closing retirees** are governed by the January 18, 2013 award issued by Arbitrator Paul Glendon. *Kelsey-Hayes Co. and UAW*, American Arbitration Association no. 54-300-00540-12 (2013). Only **pre-1998 retirees** are governed by *Golden v. Kelsey-Hayes Co.*, 954 F.Supp. 1173 (E.D. Mich. 1997).

### 1.

Mr. Francis and Mr. Knapp assume that all the UAW retirees were governed by the "same contract." Mr. Przytula assumes that all the UAW retirees "should" be covered by the "earlier litigation" and not "split into three separate groups." As addressed in class counsel's October 20 and 29 letters, however, the retirees in the three groups retired under different contracts at different times, and are governed by different actions and different legal standards.

### 2.

Judge Cook held in 2012 that there is a legal distinction between the 1998 CBA and the 2001 closing agreement. Judge Cook held that the 1998 CBA did not require arbitration of the **pre-closing retirees'** claims. Judge Cook held that the 2001 closing agreement required arbitration to resolve the **post-closing retirees'**

4

healthcare claims. (ECF No. 57, PageID.1113-1120). The Sixth Circuit agreed. 557 Fed.Appx. 532, 535 (2014).

The **post-closing retirees'** claims were resolved in the 2013 Glendon arbitration. The **pre-closing retirees'** claims remain in this action.

Further, Judge Steeh held in 2015 that giving preclusive or estoppel effect to the 2013 Glendon award and 1997 *Golden* decision would be "perpetuating the *Yard-Man* inference" contrary to *Tackett*. *UAW v. Kelsey Hayes Co.*, 130 F.Supp.3d 1111, 1120-1121 (E.D. Mich. 2015). The Sixth Circuit agreed. *UAW v. Kelsey Hayes Co.*, 854 F.3d 862, 872 (6th Cir. 2017).

**3.**

Still, in 2015 Judge Steeh ruled for the pre-closing retirees on the merits. 130 F.Supp. at 1121. The Sixth Circuit affirmed in 2017. 854 F.3d 862. But, as discussed, in 2018 the Supreme Court vacated the Sixth Circuit decision and remanded to the Sixth Circuit for "further proceedings" consistent with *Reese*. 138 S.Ct. 1116.

The UAW action and the USW action were consolidated for mediation under the auspices of a Sixth Circuit mediator. Mediation led to the $30.2 million settlement now before the Court.

5

**4.**

The three objectors' dissatisfaction with the seeming inconsistencies and mercuriality in the arbitration and court decisions differently affecting the three groups of UAW retirees is understandable, but the distinctions are informed by different contracts, different forums, different timing, changes in the governing law, and the law of this case.

In the UAW action—as in the USW action—there is no "business as usual" option. There is no option of applying the 2013 Glendon award or the 1997 *Golden* decision to the pre-closing retirees in this action. The choice is ***either*** **(1)** the $30.2 million settlement ***or*** **(2)** continued litigation and the substantial risk that the pre-closing retirees would end up with no healthcare rights.

In these circumstances, as all parties believe, the settlement is fair and reasonable and the UAW retirees' best alternative.

### III.   THE RETIREES' BEST ALTERNATIVE

The $30.2 million settlement is beneficial and the retirees' best alternative. It will provide healthcare for the retirees and their spouses and surviving spouses through a VEBA funded by $30.2 million paid over 10 years by Kelsey-Hayes and TRW. The VEBA will be administered by ERISA-regulated fiduciaries who will have the legal duty to act solely in the interests of the participating retirees and

spouses, with loyalty, care, skill, prudence, and diligence, and with the objective of providing comprehensive healthcare throughout the lives of those participants.

In contrast, the alternative of continued litigation carries the substantial risk that the retirees and their spouses and surviving spouses would end up with nothing.

In these circumstances, the $30.2 million settlement is certain, "fair, reasonable, and adequate" under Rule 23(e)(2)(A)-(D) standards, and the best alternative available to the retirees and their spouses and surviving spouses.

## CONCLUSION

We ask the Court to deny the objections and, pursuant to Rule 23(e)(A)-(D) and in the interests of the retirees, approve the $30.2 million settlement as "fair, reasonable, and adequate" and as a salutary resolution of this long-standing litigation.

| | |
|---|---|
| William A. Wertheimer (P26275)<br>Law Office of William A. Wertheimer<br>188 Grove Street<br>Montclair, NJ 07042<br>(248) 396-2125<br>billwertheimer@gmail.com<br><br>Class counsel and attorney for plaintiffs in the UAW action | s/Stuart M. Israel<br>Stuart M. Israel (P15359)<br>John G. Adam (P37205)<br>Legghio & Israel, P.C.<br>306 South Washington, Suite 600<br>Royal Oak, MI 48067<br>(248) 398-5900<br>israel@legghioisrael.com<br>jga@legghioisrael.com<br><br>Class counsel and attorney for all plaintiffs<br><br>November 18, 2020 |

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

I also caused the foregoing paper to be served by first class United States mail to the objecting class members:

Gary Francis
10425 Talladay Road
Willis, MI 48191

Albert Knapp
34424 Winslow Street
Wayne, MI 48184

Robert Laimon
2515 Norvell Road
Grass Lake, MI 49240

Andrew Przytula
1736 Oak Street
Wyandotte, MI 48192

                                                s/Stuart M. Israel
                                                Stuart M. Israel