UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); JAMES WARD,
MARSHALL HUNT, and RICHARD GORDON, for
themselves and others similarly-situated,

    Plaintiffs,

v.

KELSEY-HAYES COMPANY, et al.,

    Defendants.

and

UNITED STEEL, PAPER AND FORESTRY, RUBBER,
MANUFACTURING, ENERGY, ALLIED INDUSTRIAL
AND SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO-CLC; RONALD STRAIT; and DANNY O.
STEVENS, for themselves and others similarly-situated,

    Plaintiffs,

v.

KELSEY-HAYES COMPANY; TRW AUTOMOTIVE,
INC.; and TRW AUTOMOTIVE HOLDINGS CORP.,

    Defendants.
_____/

Case No. 11-cv-14434
(consolidated with
case no. 11-cv-15497)

Class Actions

U.S. District Judge
George Caram Steeh

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND
DISMISSING THE CONSOLIDATED CASES WITH PREJUDICE**

This matter is before the Court pursuant to a final fairness hearing to determine whether to grant final approval of the class action settlement set forth in

the parties' Joint Stipulation of Settlement and Release (the "Agreement") (ECF #122-2 PageID 3035 et seq.). The two actions, now consolidated in case no. 11-cv-14434, are:

1. *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW); James Ward, Marshall Hunt, and Richard Gordon, for themselves and others similarly situated v. Kelsey-Hayes Company, TRW Automotive Holdings Corp., and Northrup Grumman Systems Corporation* (the "**UAW action**") U.S.D.C., E.D. Mich. no. 2:11-cv-14434 (Steeh, J.) and U.S.C.A. Sixth Cir. no. 15-2285 and

2. *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC; and Ronald Strait and Danny O. Stevens, for themselves and others similarly situated v. Kelsey-Hayes Company; TRW Automotive, Inc.; and TRW Automotive Holdings Corporation* (the "**USW action**"), U.S.D.C., E.D. Mich. no. 4:11-cv-15497 and U.S.C.A. Sixth Cir. no. 16-1240.

The two class actions address disputes about the duration of collectively-bargained retiree healthcare. The plaintiffs in each action include a union and a retiree representing a certified class of retirees and the retirees' dependents. Each class action was filed in this Court in 2011. In the intervening years, the two actions were separately litigated in this Court and the Sixth Circuit Court of Appeals. The UAW appeal began in the Sixth Circuit in 2015; the USW appeal began in the Sixth Circuit in 2016. The UAW action was also litigated before the Supreme Court in Case No. 17-908 and was remanded back to the Court of Appeals.

Each action has been certified as a class action under Fed. R. Civ. P. 23(b)(1) and (b)(2). (UAW Action, ECF #92, April 28, 2015; USW Action, ECF #58, March 18, 2013).

The certified class in the UAW action is:

> Employees who retired under the 1998 collective bargaining agreement from the UAW-represented unit at the now-closed Kelsey-Hayes/TRW Detroit, Michigan plant and the retirees' surviving spouses and other dependents eligible for company-paid retiree health insurance.

The settlement does not include those from the Detroit plant who retired after April 16, 2001; as paragraph 1(b) of the Agreement specifies, those retirees are covered by a 2013 arbitration award that came about as a result of the UAW action.

The certified class in the USW action is:

> All persons who retired or terminated from the union-represented collective-bargaining unit at the Kelsey-Hayes plant in Jackson, Michigan under the 1995, 1999, and 2003 collective bargaining agreements and the retirees' and terminating employees' surviving spouses and other dependents eligible for company-paid retirement healthcare, including all (1) pension-eligible retired employees; (2) pension-ineligible employees "terminating at age 65 or older" not discharged "for cause"; (3) the surviving spouses of the retired and "terminating" employees; and (4) the "eligible dependents" of the retirees, "terminating" employees, and surviving spouses.

The individuals of the certified classes in the UAW action and the USW action are collectively referred to in this order as the "class members." A list of class members was provided to the Court as part of the parties' proposed settlement. (ECF

3

#122-2, Exhibits A and B, PageID 3053-3060). The Agreement is intended to bind all the class members.

The two class actions were joined for mediation on appeal, facilitated by Sixth Circuit Mediator Rod M. McFaull. After detailed, rigorous, and lengthy negotiations, the parties reached the comprehensive settlement embodied in their Agreement, signed for all parties in February 2020 and submitted to the Court.

The parties filed a motion for preliminary approval of their class action settlement, for approval of notice, and to set the deadline for class members to object. (Motion for Preliminary Approval, ECF #123). On August 17, 2020, this Court granted the parties' motion and preliminarily approved the settlement pursuant to Fed. R. Civ. P. 23, approved the proposed notice to class members, set an objection deadline, and set the fairness hearing for December 9, 2020 at 10:00 a.m.

Notice, in the form approved by the Court, was provided to the class members by a professional third-party administrator. Four class members submitted objections. Plaintiffs' counsel and defendants' counsel both responded to the objections presenting to the Court their views that the objections do not identify any reason to delay or deny final approval of the settlement and that the settlement should be finally approved under Fed. R. Civ. P. 23(e)(2) as fair, reasonable, and adequate. See ECF #124, #126, and #127.

4

The fairness hearing was held by video conference, as noticed, on December 9, 2020. The Court finds that the class members properly were given notice of the pendency of this action, the proposed settlement, and the fairness hearing and other pertinent information, as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable, and satisfied all the requirements of Civ. R. 23 and due process.

The Court finds that the proposed settlement as reflected in the Agreement satisfies the standards for final approval of a class action settlement under Fed. R. Civ. P. 23(e) and that it is fair, reasonable, and adequate.

Specifically, representative Plaintiff Danny O. Stevens is an adequate representative of the class members in the USW action in that he is a member of the class and possesses the same interests and suffered the same injuries as the class's other members. The certified class in the USW action encompasses persons with like factual circumstances and like claims. Likewise, representative Richard Gordon is an adequate representative of the class members in the UAW action in that he is a member of the class and possesses the same interests and suffered the same injuries as the class's other members. The certified class in the UAW action encompasses persons with like factual circumstances and like claims. Mr. Stevens and Mr. Gordon serve without compensation as class representatives.

All class members, including the class representatives, are treated alike by the Agreement; no class representative or class member receives preferential treatment. In addition, the union parties are responsible for all attorneys' fees and costs on plaintiffs' side. No part of the settlement amount will be used to pay fees or costs, or to reimburse the unions, or to compensate the volunteer class representatives; the entire settlement amount will go to the VEBA to be used to support class members' healthcare.

Both sides vigorously pressed their interests throughout this litigation and, ultimately, reached mutually-beneficial and informed compromise at arm's length. Class counsel are qualified under Fed. R. Civ. P. 23(g) and have adequately and admirably represented class members' interests.

The relief provided to the class members under the Agreement is fair, reasonable, and adequate, taking into account the costs, risks, and delay associated with trial and appeal. The legal landscape has become less favorable for retirees after *M&G Polymers USA, LLC v. Tackett*, 574 U.S. 427 (2015), which rejected principles that guided collectively-bargained retiree healthcare in the Sixth Circuit since *UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983). Following some uncertainty in this circuit in the wake of the *Tackett* decision, the Supreme Court again considered collectively-bargained retiree healthcare issues in *CNH Industrial N.V. v. Reese*, 138 S. Ct. 761 (2018). Immediately after *Reese* was decided, the

Case 2:11-cv-14434-GCS-RSW   ECF No. 128, PageID.3180   Filed 12/09/20   Page 7 of 9

Supreme Court then vacated the Sixth Circuit's earlier judgment in favor of the retirees in the UAW action and remanded the UAW action to the Sixth Circuit for further proceedings in light of *Reese*. The Agreement, reached by the parties in the context of this new legal landscape, provides final resolution of the parties' legal dispute, is expected to provide through the VEBAs comprehensive healthcare coverage supplementing Medicare coverage, including prescription drug coverage.

Among other things, the new VEBA is to be associated with an existing VEBA that has been providing healthcare to three other groups of formerly union-represented industrial retirees and their families. Association with the existing VEBA is expected to provide the new VEBA with experience, efficiencies, and economies of scale. The VEBA is to be administered by fiduciaries obligated under ERISA to serve the interests of the VEBA participants and beneficiaries, i.e., the class members and their covered family members.

The Court has considered the objections to the settlement but finds counsels' submissions --- as to why objections should not delay or prevent the final approval of the settlement --- compelling and the Court overrules the objections. The one USW objector restated the position of the USW retirees throughout the litigation, but did not account for the changes in the legal landscape that informed the Agreement and provided the basis for the conclusion that the Agreement and the compromise it entails are fair, reasonable and adequate. The USW objector, after

speaking with class counsel and getting an explanation of the settlement, withdrew his objection. The three UAW objectors invoke adjudications affecting retirees under different agreements, and reiterate arguments rejected previously in this litigation. The UAW objectors retired under a different agreement than those to whom they compare themselves, as this court addressed previously.

As noted, during the pendency of these two class actions, the law governing the parties' legal disputes changed substantially. At the time of filing, the parties' disputes were governed by *Yard-Man* and its progeny. The Supreme Court overturned the *Yard-Man* line of cases in *Tackett* in 2015 and further rejected the "Yard-Man inference" cases in *Reese* in 2018, remanding the UAW action immediately afterwards. The law governing the parties' disputes is now much less favorable for the retirees. The settlement, the establishment of the VEBA, and the payment of over $30 million dollars to fund healthcare through the VEBA, all provide certainty and greater security for all class members than would continued litigation now governed by *Tackett* and *Reese*.

The Court therefore grants final approval of the settlement as set forth in the Agreement and orders that the Agreement be implemented according to its terms.

In consideration of the $30.2 million obligations undertaken by defendants in the Agreement, and the performance of those obligations, the class members release all Released Claims against all Released Parties as provided in the Agreement and

8

all class members and their successors are permanently enjoined from asserting any Released Claims against the Released Parties. Pursuant to the Agreement, the Court DISMISSES THIS CONSOLIDATED ACTION WITH PREJUDICE. The Parties are to bear their respective attorney's fees and litigation costs as provided in the Agreement. The Court retains jurisdiction over this Action for the purpose of enforcing the Agreement.

There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED.

Dated: December 9, 2020              s/George Caram Steeh
                                     GEORGE CARAM STEEH
                                     United States District Judge